## THE MERCHANTS' NATIONAL BANK OF OCALA, FLORIDA, Appellant, v. THE CITIZENS' STATE BANK OF COUNCIL BLUFFS, IOWA.

**Guaranty.** The guarantor of a draft is not liable if the drawee rightfully refuses to accept it and is not liable thereon.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

THURSDAY, JANUARY 31, 1895.

Action at law on an alleged guaranty of a draft. At the conclusion of the evidence for the plaintiff, the court sustained a motion to direct the jury to return a verdict for the defendant. A verdict was returned as directed, and upon it a judgment in favor of the defendant for costs was rendered. The plaintiff appeals.—*Affirmed.*

*Wright & Baldwin* for appellant.

*Flickinger Bros.* for appellee.

Robinson, J.—In December, 1889, B. Arentz was engaged at Ocala, Fla., in the business of buying and selling oranges, and O. W. Butts was in the wholesale fruit and commission business in Council Bluffs, Iowa. Butts had ordered of Arentz a car load of oranges, which was shipped from Ocala to Council Bluffs, the bill of lading being taken in the name of Arentz. He drew a draft on Butts for five hundred and sixty dollars, the price of the oranges, payable to the plaintiff, a banking association organized under acts of congress, and doing business at Ocala, Fla., at thirty days after sight.

Before the plaintiff took the draft, it required a guaranty of payment by a bank in Council Bluffs.    Arentz notified Butts of the demand, and he induced the cashier of the defendant, a corporation of this state, to sign and send to the plaintiff a telegram, of which the following is a copy:    "Council Bluffs, Iowa, Dec. 11, 1889.    To Merchants' National Bank, Ocala, Fla.: Will guaranty Butts' draft for car oranges from B. Arentz.    Citizens' State Bank.    Chas. R. Hannan, Cashier."    When the telegram was received, the plaintiff purchased the draft, taking the bill of lading, which was attached to it, and forwarded them for collection. The oranges arrived in Council Bluffs in bad order, and Butts refused to receive them, and refused to accept the draft.    The defendant refused to pay the draft. Arentz is insolvent, and this action is brought against the bank on its guaranty.    The answer of the defendant alleges that the guaranty was of the solvency and ability to pay of Butts; that the oranges were never delivered to him, and that he never accepted the draft, nor became a party to it; that the defendant is a corporation, and had no power to enter into a contract to guaranty the payment of a draft; and that there was no consideration for the guaranty.    In a reply, the plaintiff alleged that it was usual and customary for the defendant and for banks, where it was doing business, to make such guaranties; that, at the time the one in question was made, an arrangement had been entered into between the defendant and Butts by which he was to hold the defendant harmless on the guaranty, and that it had money and other property in its possession which belonged to him, of a value exceeding its possible liability on the guaranty; that, by reason of these facts, the defendant is estopped to assert that the guaranty was executed without authority and without consideration.    The appellant contends that

the guaranty was authorized by the articles of incorporation of the defendant; that, if it was not, the plaintiff was a good-faith purchaser of the draft for value, and, as such, is entitled to protection; that, as the reply was not assailed, an estoppel must be regarded as sufficiently pleaded; that the court erred in excluding evidence which tended to prove an estoppel, and erred in taking the case from the jury.

The appellant may be right in its claim in regard to these matters, and not be entitled to recover in this action. If it be conceded that the guaranty was valid, the question which remains to be determined is whether it created any liability under the facts which the evidence tends to establish. As has been stated, the draft was for a car load of oranges, which were never received by Butts. The bill of lading was taken in the name of the shipper, Arentz; was transferred to the plaintiff; and was pinned to the draft when it was presented to Butts for acceptance. This must have been done to secure the payment of the draft. There was never any actual or constructive delivery of the oranges to Butts. *Forcheimer v. Stewart,* 65 Iowa, 596, 22 N. W. Rep. 886. They were worthless when they reached Council Bluffs. It was the duty of the consignor to deliver them in merchantable condition, and it cannot be claimed, under the evidence, that Butts was ever under any obligation to receive them. Therefore, he was not liable by reason of his refusal to accept the draft. The form of the undertaking of the defendant was that he would "guaranty Butts' draft for car load of oranges from B. Arentz." It was not to be a guaranty of Arentz' draft, nor of a draft drawn on Butts, and not accepted by him, but of one on which he was liable, drawn for a car of oranges. In view of the admitted facts in this case, the conclusion is irresistible that the defendant did not undertake to guarantee

the payment of anything for which Mr. Butts should not be liable. Its liability was not intended to be extended beyond his, and the form of the guaranty was sufficient notice to the plaintiff of the fact. To "guarantee" is to promise "to answer for the payment of some debt or the performance of some duty in case of the failure of another person, who is, in the first instance, liable to such payment or performance." Bouv. Law Dict.; *Manufacturing Co. v. Littler*, 56 Iowa, 603, 9 N. W. Rep. 905. Since Butts never became liable on the draft, the guaranty of the defendant has never become operative, and there can be no recovery on it.

There is no ground for claiming that the plaintiff was a good-faith purchaser of the draft for value. It knew when it received the draft that it had not been accepted, and that it had been drawn against a consignment of oranges which had not been delivered. It must be charged with knowing from the form of the guaranty that the defendant would not be liable unless Butts became responsible for the payment of the draft. Therefore, to show that the bank of Council Bluffs habitually gave guaranties like that in suit, and that the defendant was estopped to deny that it was a valid obligation, would have been without effect, and the plaintiff could not have been prejudiced by the refusal of the court to receive evidence to prove the estoppel pleaded.

Facts admitted or proven without conflict in the evidence showed that there was nothing upon which a verdict for the plaintiff could have been founded, and the District Court did not err in directing a verdict for the defendant. Its judgment is *affirmed*.