# WILLMAN MERCANTILE COMPANY, Appellant, *v.* FUSSY, Respondent.

[Submitted March 12, 1895.  Decided March 18, 1895.]

15  511
15  554
39* 738
39* 906
15  511
31  606
15  511
39  130

Sales—*Carrier as agent for consignor or consignee.*—By the established rules of commercial law, if goods are shipped at the risk of the purchaser and by his order, or if by other evidence the intention of the shipper is made apparent to part with his title, the carrier is held to be the agent of the consignee, and not of the consignor.  But if the seller does not intend to part with his title to, and control over, the property when he makes the consignment, the authorities regard the carrier as the consignor's agent, and not the consignee's.

Same—*Reservation of title in vendor—Evidence.*—If the vendor, when shipping goods, takes the bill of lading in his own name, this fact, when not rebutted by evidence to the contrary, is very strong proof of his intention to reserve title in himself, and is almost decisive to prove his intention to retain the *jus disponendi* of the property, and to prevent its delivery to the vendee.  (*Bank* v. *McAndrews*, 5 Mont. 325.)

Same—*Presumption of retention of title in vendor.*—In the case at bar, which was an action for the price of goods sold, it appeared that the plaintiff received an order from the defendant for the goods on board cars at the plaintiff's place of business, and that the plaintiff shipped the goods, taking a bill of lading for the consignment in his own name, which bill of lading, with sight draft attached, was sent through a bank in the defendant's town, and presented to the defendant, who refused to honor the draft, or to accept the goods.  *Held*, That, when the bill of lading was taken in the shipper's name, the presumption arose that he intended to retain the title in himself, and the evidence in the case was insufficient to overcome that presumption.

*Appeal from Fourth Judicial District, Missoula County.*

Action for goods sold.  Defendant's motion for a nonsuit was granted by Brantley, J.  Affirmed.

Statement of the case by the justice delivering the opinion:

Plaintiff sues the defendant for the balance due on a carload of apples, sold and delivered by plaintiff to defendant about October, 1891.  Defendant denies the sale and delivery, or any balance due to plaintiff, and sets up that about November, 1891, the apples, as property of plaintiff, were delivered to defendant, to be sold on commission for plaintiff.  The de-

fendant sold the same, and, after deducting expenses, remitted fifty dollars and fifty-eight cents due to plaintiff.

The replication denies the affirmative answer. There was a trial to the court without a jury. Defendant's motion for nonsuit was granted. From the judgment of nonsuit plaintiff appeals.

*Duis & Crouch,* and *T. H. Carter,* for Appellant.

The court erred in withdrawing this case from the jury, thus depriving the plaintiff of the constitutional right of having the questions of fact in the case passed upon by the jury. (*Hobart* v. *Littlefield,* 13 R. I. 341; *Stanton* v. *Eager,* 16 Pick. 467; *Hunter* v. *Wright,* 12 Allen, 548; *Merchants' Nat. Bank* v. *Bangs,* 102 Mass. 291; *Wigton* v. *Bowley,* 130 Mass. 252; *Railroad Co.* v. *Barrett,* 36 Ohio St. 428.)

*Bickford, Stiff & Hershey,* for Respondent.

The only theory upon which the defendant can be held liable is that the plaintiff, in pursuance to defendant's order, delivered the property in question to the railroad company for shipment, and that thereby the railroad company became the agent of the defendant; and this would doubtless be true, were it not for the fact that the plaintiff clearly manifested its intention to retain possession and control of the property by consigning it to itself at Missoula, Montana, and taking the bill of lading therefor in its own name. (*Wetzel* v. *Power,* 5 Mont. 214; *First Nat. Bank* v. *McAndrews,* 5 Mont. 325; *Walsh* v. *Blakely,* 6 Mont. 194; *Farmers' etc. Nat. Bank* v. *Logan,* 74 N. Y. 568; *Moors* v. *Kidder,* 106 N. Y. 32; *Bank of Rochester* v. *Jones,* 4 N. Y. 497; *Alderman* v. *Eastern R. R. Co.,* 115 Mass. 233; *Stollenwerck* v. *Thatcher,* 115 Mass. 224; *First Nat. Bank* v. *Crocker,* 111 Mass. 163.) The sale of the goods to the defendant was a conditional one, and in all such cases the title to the property will not pass until the condition is fulfilled. (See Benjamin on Sales, 6th Am. ed. § 366; *Cayuga County Nat. Bank* v. *Daniels,* 47 N. Y. 631.) The right to bring suit against the railroad company for any breach of the latter's duties vests with the owner of the goods. (*Krulder* v. *Ellison,* 47 N. Y. 36.)

HUNT, J.—The question to decide is whether or not, under the facts, the district court correctly held that the title to the apples, and the control over them, remained in the plaintiff, vendor, or passed to the defendant as vendee.

From the statement settled by the judge, and the evidence in the record, it appears that about October 31, 1891, at St. Joseph, Missouri, through one Brown, a broker, acting for defendant at Missoula, Montana, plaintiff received an order for a carload of apples of a designated kind. Brown offered a price which plaintiff accepted, "free on board cars at St. Joseph, Missouri, sight draft with bill of lading attached." The apples were shipped in good order but froze en route. The plaintiff took a bill of lading for the consignment in its own name, which bill of lading, with sight draft attached, was sent through a bank at Missoula, and presented to Fussy, who refused to honor the draft, or to receive the apples, because they were frozen.

There is no proof that defendant ever received the bill of lading taken by plaintiff at the time of the original shipment, or that the defendant ever received the apples as consignee, or that he ever exercised any control over them as owner thereof. On the contrary, the testimony showed that the carrier notified plaintiff that it would sell the apples for freight charges, if plaintiff did not turn them over to Fussy without the bill of lading, and that Fussy refused to receive the apples because they were frozen in transit, and were in transit too long.

The motion for a nonsuit was upon the ground that the evidence failed to sustain the allegations of the complaint of a sale and delivery of the apples by plaintiff to defendant.

By the established rules of commercial law, where goods are shipped at the risk of the purchaser and by his order, or if by other evidence the intention of the shipper is made apparent to part with his title, the carrier is held to be the agent of the consignee, and not the agent of the consignor. But if the seller does not intend to part with his title to and control over the property when he makes the consignment, the authorities regard the carrier as the consignor's agent, and not the consignee's.

To get at the intention of the parties to such commercial transactions the bills of lading are resorted to.

If the vendor, when shipping, takes the bill of lading in his own name, this fact, when not rebutted by evidence to the contrary, is very strong proof of the intention of the vendor to reserve title in himself, and is almost decisive to prove the vendor's intention to retain the *jus disponendi* of the property, and to prevent the delivery of same to the vendee. (*Dows* v. *National Exchange Bank,* 91 U. S. 618; *Emery* v. *Irving's Nat. Bank,* 25 Ohio St. 360; *Seeligson* v. *Philbrick,* 30 Fed. Rep. 600; *Chandler* v. *Sprague,* 38 Am. Dec. 404, and note; *McCormick* v. *Joseph,* 77 Ala. 236; *Forcheimer* v. *Stewart,* 65 Iowa, 594; *Sohn* v. *Jervis,* 101 Ind. 578; *Jones* v. *Brewer,* 79 Ala. 545; *Moors* v. *Kidder,* 106 N. Y. 32; *First Nat. Bank* v. *McAndrews,* 5 Mont. 325.)

The plaintiff, the vendor in this case, dealt with the bill of lading with the manifest purpose of securing the payment for the apples. And the defendant, by his refusal to pay the draft, acquired no right to the bill of lading, or to the goods which it represented. (Benjamin on Sales, § 567; *Farmers' etc. Nat. Bank,* 74 N. Y. 568.)

When the bill of lading was taken in the shipper's name the presumption arose that he intended to retain the title in himself. This presumption must stand as conclusive until it is rebutted by affirmative proof on the plaintiff's part. We find nothing in the testimony to overcome the presumption, and considerable to strengthen it.

The failure of plaintiff to notify defendant of any reason why the bill of lading was taken as it was, the failure of defendant to receive a bill of lading when the goods were shipped, coupled with the fact that it was sent with the draft for collection, leave no doubt in our minds that the vendor intended to hold the title to the property until the defendant paid for the same. The case, therefore, is in no way excepted from the application of the general principles which must govern.

The judgment is affirmed.

*Affirmed.*

DE WITT, J., concurs.