HERBERT, RESPONDENT, *v.* WINTERS ET AL., APPELLANTS.

[Submitted March 18, 1895. Decided March 25, 1895.]

SALES—*Delivery and acceptance.*—A sale and delivery of goods is complete where the plaintiff consigned them by bill of lading to the defendants, who received them from the carrier, upon presentation of the bill, without objection at the time, and subsequently admitted an indebtedness for the consignment, merely disputing the amount claimed.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION for goods sold and delivered. Judgment was rendered for the plaintiff by McHATTON, J. Affirmed.

Statement of the case by the justice delivering the opinion:
Appeal by defendants from an order denying their motion

for new trial. The action was for one hundred and eighty-eight dollars and twenty cents, amount due for one car of potatoes sold and delivered to defendants. Defendants denied the sale and delivery, and the value of the potatoes. There was a verdict and judgment for plaintiff. Defendants' motion for new trial was overruled.

*C. P. Connelly,* for Appellant.

HUNT, J.—The contention of the defendants is that the evidence failed to show that there was an order given by the defendants, or their agents, to the plaintiffs, for the potatoes in question, or that there was an absolute sale, but that the evidence proves that the potatoes were delivered to defendants by plaintiff in the usual course of trade, and that there was a general understanding between plaintiff and defendants that the potatoes were to be disposed of by the defendants on commission only, and to the best advantage.

It appears that about August, 1891, plaintiff sold a carload of potatoes to defendants at one dollar and fifteen cents per hundredweight, less the freight, on the order of D. Hanley & Co., Helena, by one Altmeyer. Plaintiff shipped the potatoes and advised defendants of the shipment, transmitted the bill of lading, and received letters from defendants acknowledging the receipt of the potatoes. One letter objected to the size of the potatoes, and asked plaintiff for a reduction in the carload, but stated that they would give Mr. Altmeyer an order for another carload if sales would justify it, and that defendants would want about two carloads a week. Plaintiff subsequently saw one of the defendants in Butte, and demanded his money. One, or both, of the defendants admitted an indebtedness, but denied that the amount claimed was correct. L. C. Bade, one of the firm, acting for Winters & Bade, had receipted for the potatoes to the railway company. The original bill of lading was presented by Mr. Bade in order to secure the goods. The bill of lading was from Herbert & Troupe as consignors, consigned to Winters & Bade, Butte, Montana.

There was an attempt on the part of the defendants to throw a doubt upon the genuineness of the handwriting of the letters

of the firm to plaintiff, but the jury and the district court believed the plaintiff.

We are satisfied ourselves that the evidence was amply sufficient to warrant the verdict of the jury.

The law applicable to the case is, that the plaintiff, having consigned the potatoes by the bill of lading to the defendants as consignees, and having transmitted the bill to the defendants as consignees, and the defendants having received and accepted the potatoes, without objection until some time later on, and having admitted an indebtedness for the consignment, there was a complete sale and delivery, and the defendants are responsible to the plaintiff for the price of the potatoes. (*First Nat. Bank* v. *McAndrews*, 5 Mont. 325; 7 Mont. 150; *Walsh* v. *Blakely*, 6 Mont. 194; *Willman Mercantile Co.* v. *Fussy, ante*, p. 511; Hutchinson on Carriers, § 135; *Craig* v. *Marx*, 65 Tex. 649.) We find no error in the record.

The order overruling the motion for a new trial and the judgment are affirmed.

                                                            *Affirmed.*

DE WITT, J., concurs.

[Submitted March 18, 1895.   Decided March 25, 1895.]