McKELVEY, Respondent, v. PERHAM, Appellant.

(No. 2,024.)

(Submitted December 13, 1904.  Decided January 21, 1905.)

*Sale—Delivery—Bill of Lading—Action for Price.*

Defendant ordered of plaintiff lime which he wished to use on a certain date. Plaintiff did not place the lime on the car until six days thereafter, and after loading it, he received a letter from defendant countermanding the order. He could have recalled the shipment any time within twenty-four hours after receiving such letter, but did not. Plaintiff did not send defendant the bill of lading, having kept it, as he testified, until he could "see what was going to happen." *Held*, that the lime was not delivered, and defendant was not under any obligation to accept it on its arrival.

*Appeal from District Court, Lewis and Clarke County; J. M. Clements, Judge.*

ACTION by James McKelvey against W. T. Perham. From a judgment for plaintiff, and an order denying him a new trial, defendant appeals. Reversed.

*Mr. C. R. Stranahan,* for Appellant.

The defendant was entitled to have its motion for a nonsuit granted in this case for the reason that the plaintiff, having retained the bill of lading for some purpose of his own, retained the *jus disponendi* of the property. (Sec. 2831, Civil Code; *First Nat'l Bank* v. *Andrews,* 5 Mont. 328; *Shaw* v. *Railroad Co.,* 101 U. S. 564; *Willman M. Co.* v. *Fussy,* 15 Mont. 511'; *Herbert* v. *Winters,* 15 Mont. 552; *Ramish* v. *Kirschbaum,* 40 Pac. 534; *Armstrong* v. *Coyne,* 67 Pac. 537; *Bergman* v. *Indianapolis Ry.. Co.,* 104 Mo. 77; Mechem on Sales, Vol. I, p. 779.) The burden was entirely upon the plaintiff to prove that the order was filled as given. (*Barton* v. *Kane,* 17 Wis. 37; *Woodruff* v. *Noyse,* 15 Conn. 335; *Wold* v. *Deitzsch,* 75 Ill. 205; *Bruse* v. *Pearson,* 3 Johns. 534.)

MR. COMMISSIONER BLAKE prepared the opinion for the court.

This action was commenced in the justice's court by plaintiff (respondent) to recover the sum of $83.75 for 335 bushels of lime. It is alleged in the complaint that plaintiff, at the special instance and request of defendant (appellant), sold, September 12, 1901, and delivered the lime to defendant at Helena, Montana. On the trial judgment was entered for respondent for the amount of his demand, and an appeal was taken to the district court. By agreement of the parties the motion of defendant for leave to file an amended answer was granted. The answer alleged: "That thereafter, and on the 12th day of September, 1901, defendant notified plaintiff by letter, which said letter plaintiff received on said last-named date, not to ship said lime, and further notifying plaintiff that defendant had ordered lime elsewhere, and that plaintiff, in disregard of said notice from defendant, and thereafter, to-wit, on the 13th day of September, 1901, shipped said lime to defendant over the Montana Central Railroad. And defendant avers that, had plaintiff used due diligence in the premises, he could have prevented the said shipment of lime to defendant, and any consequent loss to himself thereby." The answer contained a counterclaim setting forth that plaintiff agreed to deliver the lime not later than the 6th day of September, 1901, and that by reason of his failure so to do the defendant had been injured in the sum of $500.

The action was tried *de novo* by the court below with a jury. The plaintiff testified in his own behalf, and rested, and the motion of defendant for a nonsuit was sustained upon the following grounds: That the title to the lime never passed to defendant, and that plaintiff, if entitled to recover, could maintain an action for damages for a breach or rescission of the contract. The defendant was then allowed to call witnesses to establish his counterclaim. After the defendant had been examined and cross-examined, the court reconsidered the ruling

.granting the motion for a nonsuit, and ordered the same to be overruled. Evidence was offered by the parties covering all the issues, and judgment was entered on the verdict for plaintiff. Defendant appealed from the judgment and an order denying him a new trial.

The testimony of plaintiff tended to prove that two men— ·O'Brien and Campbell—in the employ of defendant told plaintiff in Helena, September 2, 1901, that they wanted some lime shipped from Helena to Boulder, Montana, for defendant; that upon the next day the plaintiff, in Helena, and the defendant, in Boulder, had a conversation through the telephone; that defendant gave an order for the lime, and plaintiff informed him that he had no lime on hand, and would ship it as soon as he could over the Great Northern on a Montana Central car, loaded at the depot in Helena; that the lime was loaded on the car September 12, 1901, and the plaintiff received the bill of lading, which he retained and produced on the trial, to-wit:

"Montana Central Railway Company.

"Helena, Montana, Station, Sept. 12, 1901.

"Forwarded by James McKelvey..

\*          \*          \*          \*          \*          \*          \*

17,782                                             One Car

W. T. Perham                                        Lime

Boulder, Mont.

Via Great Northern Railway Line.

"................."

There is no controversy about the following facts: That about 5 o'clock in the afternoon of the day after the lime had been loaded on the car the plaintiff received a letter from defendant, to-wit: "Boulder, Montana, Sept. 11, 1901. Mr. McCalvin, Helena, Montana. Dear Sir: I have been very much disappointed you not sending me lime as agreed upon, I waited until Monday and no lime I then ordered a car from Butte. Your local lime came Tuesday I have used that but will not be able to use any more. Very Truly Yours, W. T. Perham." The plaintiff then sent a telegram to defendant,

reading, "Car shipped, cannot recall it," or words to that effect.
The plaintiff, in explaining his conduct, testified: "I did not
send this telegram until I got the letter cancelling the order.
I was going to ship the bill of lading the same as I always do.
I did not send him the bill of lading—not until I would see
what was going to happen."

The defendant required the lime for use in a building he
was constructing at Boulder on or before September 6, 1901,
and did not need it after that date. The carload of lime left
Helena September 13th at 6:25 p. m., and arrived at Boulder
at noon upon the succeeding day. The bill of lading given to
plaintiff was not sent to defendant, and the lime was not ac-
cepted or delivered. The car could have been stopped upon the
request of plaintiff by the railroad company at any time up to
6 o'clock p. m., before the train started from Helena.

The testimony of the parties is conflicting concerning the
material parts of the contract, but in the view we take there
is one question for our determination. Conceding everything
plaintiff sought to prove on the trial, he was notified on Sep-
tember 12, 1901, when he read the above letter, that defendant
refused to comply with the contract, and did not intend to buy
the lime. It was the duty of defendant to use reasonable dili-
gence in the exercise of what he considered his rights under
the circumstances. The facts, which are not controverted, show
that plaintiff had twenty-four hours during which he could have
stopped said car at Helena. The plaintiff did not make any
effort in this direction, but permitted the lime to be transported
to Boulder, retaining the bill of lading. What were the legal
consequences of this act? The explanation of the plaintiff for
his retention of the bill of lading that he "would see what was
going to happen" is not consistent with his position that de-
fendant was the owner of the lime September 12, 1901. The
authorities in this jurisdiction are in harmony as to the nature
of this instrument. (*First National Bank* v. *McAndrews,* 5
Mont. 325, 5 Pac. 879, 51 Am. Rep. 51; *Walsh* v. *Blakely,* 6
Mont. 194, 9 Pac. 809; *Willman M. Co.* v. *Fussy,* 15 Mont..

511, 39 Pac. 738, 48 Am. St. Rep. 698; *Herbert* v. *Winters,* 15 Mont. 552, 39 Pac. 906.)

In *First National Bank'* v. *McAndrews, supra,* the court said: "Hence it is held by the authorities that the transmission of a bill of lading by the consignor to the consignee is a delivery of the possession of the goods covered by it, and that thereby the title to the property passes from the consignor to the consignee." In *Pollard* v. *Vinton,* 105 U. S. 7, 26 L. Ed. 998, the court said: "In the hands of the holder it (the bill of lading) is evidence of ownership, special or general, of. the property mentioned in it, and of the right to receive said property at the place of delivery." The Civil Code provides (Section 2835): "A carrier is exonerated from liability for freight by delivery thereof, in good faith, to any holder of a bill of lading therefor, properly indorsed, or made in favor of the bearer."

We are of the opinion that the property in controversy was not delivered, and that defendant (appellant) was not under any obligation to accept the lime upon its arrival at Boulder.

We recommend that the order and judgment appealed from be reversed, and that the cause be remanded for a new trial.

Per Curiam.—For the reasons stated in the foregoing opinion, the order and judgment are reversed, and the cause is remanded.

*Reversed and remanded.*