CRAGUN BROS. v. TODD AND KRAFT, A. H. TODD AND GEORGE KRAFT, Appellants.

Sales: WHEN TITLE PASSES. Where a sight draft for a shipment 1 of goods, with the bill of lading attached, is forwarded for collection with instructions not to deliver the bill of lading until the draft is paid, a presumption arises that the seller intended to retain the title until payment of the draft; and in the absence of further evidence to the contrary this presumption becomes conclusive and the issue with reference to the passing of the title should not be submitted to the jury.

Same: INSTRUCTIONS. Where a shipment of fruit was refused be-2 cause of its damaged condition on arrival, and in an action for the price the court erroneously submitted the question of when title passed which was specially found to have been at the time of shipment, the further special finding that the fruit was in good condition on its arrival was immaterial and did not cure the error in submitting the question of title.

*Appeal from Polk District Court.*— HON. A. H. McVEY, Judge.

WEDNESDAY, JULY 11, 1906.

SUIT to recover the price of a car load of fruit. Trial to a jury, and a verdict and judgment for the plaintiffs. The defendants appeal.— *Reversed.*

*Carr, Hewitt, Parker & Wright,* for appellants.

*Berryhill & Henry,* for appellees.

SHERWIN, J.— The plaintiffs are engaged in the fruit business at Hot Springs, Utah, and the defendants are in

the same business at Des Moines.  On the 2d day of September, 1900, the defendants, through their agent, contracted with the plaintiffs for a car load of peaches, which were to be shipped to the defendants at Des Moines, with the right of inspection.  The price agreed upon was f. o. b. at Hot Springs, Utah.  Soon thereafter a car of peaches was shipped, the bill of lading was placed in the plaintiffs' bank in Hot Springs, and a sight draft was drawn on the defendants for the price of the peaches.  The draft, with the bill of lading, was then sent to a bank in Des Moines with instructions to collect the draft before the bill of lading was delivered.  The car arrived in Des Moines about a week after it left Hot Springs, and upon inspection the day of its arrival there some of the peaches were found in bad condition.  Negotiations by telegram followed, but no subsequent agreement was reached, and the peaches were finally turned over to another party by the plaintiffs and sold on their account and at a loss to them.  This suit was brought to recover the contract price.  The evidence is quite conclusive that the fruit was in good condition when it was loaded and shipped, and it is as conclusively shown that some of it was in bad condition when it reached Des Moines.  The question whether the sale was complete when the fruit was delivered to the carrier was therefore an important factor in the case, and it was submitted to the jury for its finding thereon.

The appellants urge that, under the undisputed facts, the court should have held that title did not then pass to the defendants, and that it was error to allow the jury to determine the question.  This contention must be sustained.  The bill of lading accompanied the sight draft and was not to be delivered until the draft was paid.  An acceptance and payment of the draft were therefore necessary before the defendants could claim the bill of lading or insist on the delivery of the car to them, and there is no evidence to take the

1. SALES: when title passes.

case out of the rule that, under such circumstances, the presumption arises that the vendors intended to retain title in themselves, and that such presumption must be considered as conclusive until rebutted. There is not only no rebutting testimony, but, on the other hand, the acts of both parties subsequent to the arrival of the car in Des Moines, strengthen this presumption as to the intent. *Forcheimer & Co. v. Stewart,* 65 Iowa, 593; *National Bank v. State Bank,* 93 Iowa, 650; *Daws v. National Exchange Bank,* 91 U. S. 618, (23 L. Ed. 214); *Willman Mercantile Co. v. Fussy,* 15 Mont., 511, (39 Pac. 738, 48 Am. St. Rep. 698).

It is, of course, true, as contended by the appellee, that the question as to when title to personal property passes is largely one of intent; but when there is no conflict in the evidence the presumption to which we have referred is conclusive and should be so held by the court instead of submitting the question to the jury for an adverse finding without support in the evidence.

The court submitted a special interrogatory requiring the jury to find whether the peaches were in a damaged condition when they arrived in Des Moines. This was submitted in connection with one relating to their condition when delivered to the carrier and another requiring a finding as to when title passed to the defendants. The jury returned a general verdict for the plaintiffs, and also found specially that title passed to the defendants when the peaches were delivered to the transportation company, and that they were in good condition when shipped. The question as to their condition when they reached Des Moines was not then answered, and, upon their attention being called to their neglect to answer this question, the foreman stated that the jury did not consider an answer material in view of the other findings. Thereupon the court directed the jury to again retire and return an answer to the question, which it did, finding that the peaches were not in a damaged condition when they ar-

2. SAM

rived in Des Moines.   The appellees claim that such find-
ing cures any error in submitting the question as to when
the title passed.   Having found that title passed to the de-
fendants in Utah the condition of the peaches when they
arrived in Des Moines was wholly immaterial, except in so
far as such condition might aid the jury in determining
their condition when shipped, and the fact that the jury did
not look upon the question as material indicates that it was
not considered in that connection.   The further fact that the
finding is practically without support in the evidence shows
that the jury could not have given the question such con-
sideration as to entitle the finding to stand and thereby estop
the appellants from questioning the error in submitting the
question of title.

We are constrained to hold that there was not a fair
presentation and consideration of the appellants' case, and
that they are entitled to a retrial thereof.   We are also in-
clined to the view that even if there had been a completed
sale in Utah, the question whether it had been afterwards
abandoned or waived should have gone to the jury under the
appellants' second defense, but as the question does not
appear of importance, in view of our holding on the matter
of title, we do not definitely pronounce thereon.   If the title
did not pass when the peaches were delivered to the carrier,
the plaintiffs were not entitled to recover the contract price
therefor, and there was error in so instructing and in render-
ing judgment for the amount thereof.   This seems to be
conceded by the appellees and we need not discuss the propo-
sition.   But see *Readhead Bros. v. Wyoming Cattle Co.,* 126
Iowa, 410.

The judgment must be, and it is, *reversed.*