# SUPREME COURT

· OF THE

## STATE OF IOWA

AT

### DES MOINES, SEPTEMBER TERM, 1919

---

### WESTERN SILO COMPANY, Appellant, v. R. A. GOGERTY, Appellee.

**SALES:** Delivery—Time. Time may be of the essence of a contract to deliver personal property, although the contract does not in terms so provide.

**SALES:** Delivery—Intention—Bill of Lading. Delivery of personal property is largely a matter of intention, but when consummated, involves parting with control or the placing of the goods, with the consent and knowledge of the purchaser, in such a position that they are *unconditionally* at his disposal. *Held* that where, with the consent of the purchaser, bill of lading for the goods was sent to a certain bank, with note which was to be executed by the purchaser in payment, the bank was not the agent of the purchaser, and delivery was not complete until the bill of lading was received by the purchaser from the bank.

*Appeal from Des Moines Municipal Court.*—ESKIL C. CARL-
SON, Judge.

MARCH 21, 1919.

REHEARING DENIED SEPTEMBER 20, 1919.

ACTION for the purchase price of an ensilage cutter.
The jury returned a verdict in favor of defendant by direc-
tion of the court.—*Affirmed.*

*Guy A. Miller,* for appellant.

*C. C. Putnam,* for appellee.

STEVENS, J.—On September 10, 1917, defendant gave
plaintiff a signed order for an ensilage cutter, with acces-
sories, to be delivered "at once." Defendant resided at
Zearing, and the plaintiff has its place of business in the
city of Des Moines, from which point the cutter was to be
shipped. The cutter was delivered to the carrier on the
13th, left Des Moines on the 16th, and arrived at its destina-
tion on the 21st of September. It was consigned to the
shipper; and bill of lading, together with a note for the
purchase price, due in 30 days, was forwarded to the Far-
mers Bank at Zearing, endorsed to the order of the bank.
The letter accompanying the bill of lading and note di-
rected the bank to deliver the former to defendant upon
execution of the note. The cutter arrived in a damaged
condition, and could not be used until it was repaired, or
the broken parts replaced. Defendant declined to receive
it. The court sustained defendant's motion for a directed
verdict, upon the ground that the evidence failed to show a
delivery of the cutter to defendant, who testified that he
signed the order therefor, in plaintiff's office in Des Moines;
that he explained to its representative, Mr. Garner, that it
was necessary that the cutter be delivered immediately, as

the season was somewhat late, and there was danger of frost, and that he wanted to use the cutter without delay. Defendant further testified that he was informed by plaintiff's agent that they had cutters on hand, and could and would make immediate shipment. This testimony is not disputed.

The contract does not, in terms, make time the essence thereof, but time may, nevertheless, be of the essence of the contract. *Bamberger Bros. v. Burrows*, 145 Iowa 441. The cutter was sold for a specific purpose, requiring prompt delivery thereof.

1. SALES: delivery: time.

The court did not so hold, and we are not called upon to decide whether time was of the essence of the contract in question, or whether the cutter was delivered within a reasonable time, which would, ordinarily, be a question of fact for the jury.

The written order provided that bill of lading and settlement papers might be sent to any bank or freight station, the Farmers Bank of Zearing preferred, and also that title should remain in the seller, with right to recover possession, until payment of the purchase price. The question of the delivery of personal property is largely a matter of intention; but delivery, when consummated, involves "a parting with the control of the property to the one to whom

2. SALES: delivery: intention: bill of lading.

the delivery is made, or the placing of the goods, with the consent and knowledge of the purchaser, in such a position that they are unconditionally at the disposal of such purchaser." *First Nat. Bank v. Cook*, 171 Iowa 41; *Pew Co. v. Karley & Titsenor*, 168 Iowa 170. Of course, manual delivery of the property is not always essential, and delivery is often complete without it.

It will be observed that plaintiff is named as consignee, in the bill of lading, and that same was endorsed to the order of the bank to which it, with the note, was for-

warded by plaintiff. It has often been held that the effect of the delivery of a bill of lading endorsed to a bank, with draft attached, is to transfer title thereto. *Forcheimer & Co. v. Stewart*, 65 Iowa 593; *Merchants' Nat. Bank v. Citizens' State Bank*, 93 Iowa 650; *Baker v. Chicago, M. & St. P. R. Co.*, 98 Iowa 438; *First Nat. Bank v. Mt. Pleasant Milling Co.*, 103 Iowa 518, 519; *Shaffer v. Rhynders*, 116 Iowa 472; *Exchange Nat. Bank v. McCaffery*, 175 Iowa 451.

Plaintiff, by the terms of the written order, reserved title and control of the property until the note was executed by defendant, who could not obtain possession of the cutter until this was done, and he received the bill of lading from the bank.

It is argued by counsel for appellant that the bank was the agent of defendant. With this contention we do not agree. The defendant did not, by consenting that the bill of lading, together with a note to be signed by him, be sent to the bank or railroad station at Zearing for execution, make the bank his agent, to whom delivery of the cutter might be made. The manner in which the shipment was handled was for the obvious convenience and protection of the shipper, who retained control of the cutter as security for the payment of the purchase price. The cutter arrived in a damaged condition, and unfit for use, and defendant was not, therefore, required to receive it. *Merchants' Nat. Bank v. Citizens' State Bank*, 93 Iowa 650; *Baker v. Chicago, M. & St. P. R. Co.*, supra. It was the duty of the seller to deliver to plaintiff a sound, merchantable cutter, and he was not compelled to receive one in any other condition. There had already been considerable delay in the arrival of the cutter at destination, and defendant testified that the season was so far advanced that he could not wait longer for the delivery of the cutter in a condition for use.

We therefore arrive at the conclusion that the court did not commit error in sustaining defendant's motion to direct a verdict in favor of defendant, and its judgment is, therefore,—*Affirmed.*

LADD, C. J., GAYNOR and PRESTON, JJ., concur.