STOTESBURY, RESPONDENT, *v.* POWER, APPELLANT.

(No. 1,477.)

(Submitted February 26, 1903.   Decided.March 6, 1903.)

*Express Contract—Action—Pleading and Proof—Nonsuit.*

Under complaint for breach of an express contract in writing, whereby plaintiff agreed to deliver to defendant 125,000 pounds of barley, to be paid for on completion of delivery, the breach being failure to pay, recovery cannot be had on proof of delivery of 17,805 pounds, without allegation or proof of an excuse for not furnishing the remainder, and a motion for nonsuit should be granted.

*Appeal from District Court, Gallatin County; F. K. Armstrong, Judge.*

ACTION by W. A. Stotesbury against C. B. Power, doing business as the Belgrade Elevator Company. From a judgment for plaintiff, and from an order denying him a new trial, defendant appeals. Reversed.

*Messrs. Hartman & Hartman,* for Appellant.

*Messrs. Luce & Luce,* for Respondent.

The delivery of the 125,000 pounds, "more or less," being subject to the option and call of Mr. Power, the delivery and acceptance of the 17,805 pounds was a compliance with the terms of the contract. (*Callmeyer et al.* v. *Mayor, etc. of New York,* 83 N. Y. 116; *Merriam* v. *U. S.,* 107 U. S. 444; *Rea* v. *Holland* (Mich.), 12 N. W. 167; 15 Am. & Eng. Ency. of Law, 723; Newmarket on Sales, Secs. 261-262; *Meherin* v. *Ball,* 8 Pac. 886; *Gaylord Mfg. Co.* v. *Allen,* 53 N. Y. 515; *Gurney et al.* v. *Atlantic, etc. Ry. Co.,* 58 N. Y. 358; *Locke.* v. *Williamson,* 40 Wis. 377.)

MR. JUSTICE MILBURN delivered. the opinion of the court.

Plaintiff sued defendant to recover for breach of a contract in writing. The instrument was in form a printed blank filled out in writing, and read as follows:

"This agreement made the 2nd day of June, 1898, between W. A. Stotesbury of Belgrade, the party of the first part, and the Belgrade Elevator Company, of Belgrade, Gallatin county, Montana, the party of the second part, witnesseth: That the said party of the first part, in consideration of, etc., hereby covenant with the said party of the second part, that the said party of the first part will deliver to the said party of the second part, at its elevator or storerooms in Belgrade, or loaded on the cars at Belgrade, or some equally near point, * * * in sewed sacks or bulk, on or before Nov. 1, subject to the option and call of the said second party as to the place where, the time when, and * * * whether in sewed sacks or bulk: 125,-000 pounds of No. 1 brewing barley @ $1.05 per cwt. more or less. * * * And the said party of the second part, in consideration of the said covenants on the part of the said party of the said first part, hereinbefore contained agrees to and with the said party of the first part, that the said party of the second part will pay to the said party of the first part, or order, the price per cwt., hereinabove set down opposite to the grain agreed to be delivered * * * as hereinabove appears, immediately on the completion of the delivery of said grain in good order and condition and as is herein provided for as to place, manner and time of delivery."

The complaint, referring to this contract as part thereof, alleges that: "Second. That on or about the 2d day of June, 1898, the defendant agreed to purchase of the plaintiff his crop of barley to be grown upon the ranch of the plaintiff during the year A. D. 1898, and agreed to purchase 125,000 pounds more or less of said barley, at the agreed price of $1.05 per hundred weight for No. 1 brewing barley, and afterwards, on the same day, the plaintiff and defendant entered into a contract in writing, a copy of which is hereto attached, and marked Exhibit A, and made a part of this complaint.

"Third. That thereafter, after the said crop of barley had

been raised and harvested, in the month of October, A. D. 1898, after submitting to defendant a sample of the said barley so raised and grown by plaintiff, the plaintiff, at the defendant's request and call, delivered to the defendant, at the warehouse of the defendant at Belgrade aforesaid, 17,805 pounds of barley, being the total amount of the said crop so raised, in 188 sacks, making a net amount of barley so delivered, after deducting one pound for each of said sacks, of 17,617 pounds of barley, so delivered by the plaintiff to the defendant.

"Fourth. That the said barley so delivered by the plaintiff as aforesaid was No. 1 brewing barley, and was accepted and received by the defendant from the plaintiff, after due examination, and the said barley for more than three weeks last past has been in the possession of the defendant, and retained as defendant's property under said contract.

"Fifth. That the plaintiff has fully complied with the terms of said contract on his part, but the defendant has failed and refused, and still refuses, to pay to the plaintiff the purchase price of said barley so sold and delivered to the defendant by the plaintiff, to-wit, the sum of $184.97, no part of which has been paid to plaintiff, and which has been withheld from the plaintiff since the 20th day of October, A. D. 1898, by an unreasonable and vexatious delay, and has since that date been due and payable from defendant to the plaintiff."

The complaint also states that the defendant company and the defendant Power are one, he doing business under the name and style of Belgrade Elevator Company.

The defendant demurred on four grounds, the only one necessary to notice herein being alleged want of substance. The demurrer was overruled. The plaintiff introduced evidence showing the delivery of 17,805 pounds of barley, and tending to show that the quality was that agreed upon. He failed to show a waiver by the defendant of any of the terms of the contract. After this evidence was introduced, he withdrew all evidence tending to show the quality of the grain. Thereupon, the plaintiff having rested, the defendant moved for an order of nonsuit upon the grounds that the suit was for breach of an express con-

tract in writing, and that there was no evidence that the agreement was complied with by the delivery of the 17,805 pounds of barley appearing by the evidence to have been delivered, and that there did not appear any excuse for the noncompliance with the terms of the contract; that there was not any evidence tending to show that the barley delivered was of the quality agreed upon; that there did not appear to be any waiver of the condition that payment should be made after the delivery of the quantity which plaintiff agreed to deliver—in short, that there was no evidence showing, or tending to show, that the plaintiff had complied with the agreement in any particular; that the complaint did not state facts sufficient to constitute a cause of action; that if the defendant was indebted to the plaintiff at all it was upon a *"quantum meruit,"* and that the complaint would not "sustain a suit upon a *quantum meruit* for the value of 17,805 pounds of barley delivered." The court denied the motion for an order of nonsuit. Defendant stood upon his motion. Thereupon the court, of its own motion, discharged the jury from the further consideration of the cause, neither plaintiff nor defendant objecting. Several days thereafter the court found for plaintiff, after allowing a counterclaim, which plaintiff admitted, and rendered judgment for plaintiff for the full amount of his claim, less the amount of the counterclaim. From the judgment and an order overruling defendant's motion for a new trial this appeal is prosecuted.

We think the court erred in not granting the motion for nonsuit. The complaint is upon breach of an express contract in writing. Without passing upon the question whether the complaint states any cause of action, it is sufficient to say that plaintiff could not, under the express contract, recover upon mere proof that he, instead of furnishing approximately 125,000 pounds of barley, had delivered only the comparatively small quantity of 17,805 pounds, without alleging or proving a sufficient excuse in law why he had not furnished the quantity which he agreed to deliver. Perhaps he might, if his evidence warranted, have recovered upon a *quantum valebat,* if he had asked and obtained leave to amend the complaint to conform to

the proof, but he could not recover upon proof that he made delivery of only 17,805 pounds, whatever the quality of it may have been.

It is not necessary to enlarge this opinion by discussion of any other point raised by the appellant.

The judgment and order must be reversed.

*Reversed and remanded.*

