## SCHILLER v. BLYTH & FARGO COMPANY.

APPEAL AND ERROR—NEW TRIAL—SUFFICIENCY OF ASSIGNMENT OF ERROR UPON THE EVIDENCE—SALES—DELIVERY AND ACCEPTANCE—GOODS SOLD ACCORDING TO SAMPLE—CONFLICTING EVIDENCE.

1. The cause having been tried to the court without a jury resulting in a general finding and judgment, an assignment of error that the "judgment" is not sustained by sufficient evidence authorizes a review of the evidence to ascertain its sufficiency, upon a required liberal construction of the code,

providing as a ground for new trial "that the verdict, report or decision is not sustained by sufficient evidence," as against the contention that the sufficiency of the evidence relates to the finding and not the judgment.

2. The designation by the purchaser of goods agreed to be made and sold according to sample of a carrier for their transportation does not, without an agreement to that effect, authorize an acceptance by the carrier as to quality, and a delivery to the carrier will not constitute such an acceptance, but the purchaser may, upon the arrival of the goods at destination, inspect and accept or reject them according to their compliance as to quality with the conditions of the purchase.

3. Where a number of hats are agreed to be made and sold according to sample, each hat being separately and independently priced and to be separate in pattern, and the hats furnished are in one shipment, the purchaser may accept those complying with the requirements of the purchase and reject the others; the acceptance of part will not constitute an acceptance of all.

4. The evidence being conflicting as to the quality of goods furnished upon a contract of sale of goods to be made according to sample, the finding of the trial court will not be disturbed on error.

5. In support of defendant's claim that some of the goods received upon an order according to samples did not conform thereto, a resort to any competent evidence was proper, and it was not necessary to sustain such claim that the person who gave the order upon inspection of the samples should have examined the goods received, where his evidence as to samples, in connection with the evidence as to the quality of the goods furnished, tended to show the non-compliance claimed.

[Decided February 2, 1907.]                 (88 Pac., 648.)

ERROR to the District Court, Uinta County, HON. DAVID H. CRAIG, Judge.

The action was brought by S. Schiller against the Blyth & Fargo Company, a corporation, to recover a sum alleged to be due upon the sale of merchandise. Judgment for defendant. Plaintiff instituted proceedings in error. The material facts are stated in the opinion.

*J. H. Ryckman,* for plaintiff in error.

The evidence that plaintiff complied with his contract stands uncontradicted, and he was entitled to a judgment for the amount claimed. The goods were delivered to a carrier selected by the purchaser, and, though some may have been slightly damaged in transportation, it is not shown that they were not properly packed; such damaged condition was not pleaded, nor a rescission of the contract. The testimony relating to that condition of the goods should therefore be disregarded. (18 Pl. & Pr., 805; Emery v. Yount, 1 Pac., 688.) There is no remedy in equity for a mere breach of warranty in the absence of fraud, and hence there is no ground here for equitable relief under the pleadings. (Linn v. Gunn, 56 Mich., 447; Lawrence v. Vick, 10 Humph., 285.) The delivery to the carrier was a delivery to the buyer. (24 Ency. L. (2d Ed.), 1071.) A mere breach of warranty does not authorize rescission of a contract. (30 id., 190.) A breach of warranty, if any, should have been set up in answer by way of counterclaim. (19 Pl. & Pr., 743-763.) The facts, including the retention of some of the goods, prevented a rescission. (30 Ency. L. (2d Ed.), 193, 194; 2 Pars. Cont. (7th Ed.), 813; Franklin v. Miller, 4 A. & E., 599; 5 East, 249; Lyon v. Bertram, 20 How., 149; Perley v. Balch, 23 Pick., 283; Massen v. Bovet, 1 Denio, 69; Voorhees v. Earl, 2 Hill, 288.) One cannot affirm so much of the contract as may be advantageous to him and rescind as to the residue. (Grant v. Law, 29 Wis., 104; Becker v. Trickel, 80 Wis., 486; Hoffman v. King, 70 Wis., 381; Hendricks v. Goodrich, 15 Wis., 750; Nalle v. R. Co., 88 Va., 948; Weybrich v. Harris, 31 Kan., 92; Underwood v. Wolf, 131 Ill., 425; Cookinham v. Dusa, 41 Kan., 299.)

Where there is an express warranty, it is, if untrue, at once broken, and the vendor becomes liable in damages, but the purchaser cannot for that reason either refuse to accept the goods or return them. (Brigg v. Hilton, 99 N. Y., 517; Day v. Poole, 52 N. Y., 416.) A warranty not

being pleaded and a breach thereof, the answer contains no allegation to sustain the judgment. (Thomas v. Mackey, 3 Colo., 393; Burdsell v. Wagoner, 4 Colo., 259.) A plea or answer in which the defendant asserts a set-off or counter-claim or a right to recoup must contain the substantial requisites of a declaration or complaint and must allege facts which would be legally sufficient to entitle the defendant to recover in an action instituted by him against the plaintiff. (19 Pl. & Pr., 753.) If it does not then it is insufficient even in an appellate court. (30 O. St., 133; 6 id., 207.) Under a general denial proof is not admissible that goods furnished did not agree with the contract as to quality. (Whit. An. Code (6th Ed.), 293; 19 Pl. & Pr., 738; Lemon v. Trull, 13 How. Pr., 248.)

A judgment must conform to and be supported by the pleadings. (11 Pl. & Pr., 868, 869; Lozier v. Hannan, 54 Pac., 400; Hallenbeck v. Phelps, 2 N. Y. Wkl. Dig., 587.)

*P. W. Spaulding,* for defendant in error.

This is an action for money alleged to be due on a sale and delivery of goods, and not on an account. The answer pleads the facts as they were shown to exist by the evidence; and no reply was filed denying the new matter therein contained. The pleadings will be liberally construed to sustain the judgment. (Estee's Pl., 199a; Johnson v. Leonard, 1 Wash., 564; Fisk v. Henarie, 13 Ore., 156.) A finding on conflicting evidence will not be disturbed. (Copper Co. v. M. Co., 79 Pac., 385 (Wyo.); Candelaira v. Miera, 84 Pac., 1020.) Plaintiff must show a complete performance, and a defect in one that would defeat recovery. (Smith v. Brady, 17 N. Y., 175; Hoffman v. King, 58 Wis., 314; Catlin v. Tobias, 26 N. Y., 217.) But where a delivery of a certain quantity is to be at one and the same time and a part is received, waiving a delivery of the balance, a recovery may be had for the part delivered. (Avery v. Williams, 81 N. Y., 341; Clark v. Baker, 11 Metc., 186; Tiffany on Sales, 102.) Where different articles are sold at separate

prices, the price of one not affecting that of any other, the purchaser may retain such as he desires, returning the damaged articles or all those not accepted, and he will be liable only for the articles retained. (Potsdamer v. Krise, 57 Minn., 193; Cohen v. Pemberton, 53 Conn., 221; Pierson v. Brooks, 115 N. Y., 539; Buggy Co. v. Montana Stables, 85 Pac., 1077.) The acceptance of a part of the hats was not a waiver of any right under the original contract. By such acceptance he agreed to pay for the hats accepted. (Clark on Contracts, 780-782.) To constitute delivery to carrier a delivery to the consignee the goods must correspond in quality and quantity with the contract of sale. (Barton v. Kane, 17 Wis., 37.) This was an executory contract. (Moore v. Morse, 23 Am. St., 783; Berry on Sales (3d Ed.), 888; 1 Pars. Contracts (8th Ed.), 604; Forcheimer v. Stewart, 54 Am., 30; Walcott v. Mount, 13 Am., 438.) The contract was not a warranty, but one to manufacture hats upon a condition that they should be of a certain description. The contract was executory until a delivery of the goods as ordered. This question was raised by the denial of the allegation of delivery, and the plea alleging non-delivery. This is not a case of rescission of a contract, but a refusal to be bound by a delivery of goods not conforming with the contract.

SCOTT, JUSTICE.

Plaintiff in error brought this action in the District Court of Uinta County against defendant in error to recover the purchase price of certain goods and merchandise alleged to have been sold to the defendant at the latter's request. The case was tried without the intervention of a jury and the court found generally and entered judgment for the defendant. The plaintiff brings the case here on error. It is admitted in the pleadings that defendant is and was a corporation doing business at Evanston, Uinta County, Wyoming. It is alleged in the petition "that on or about September 4, 1903, at the City of New York, the plaintiff sold

to the defendant at its request goods, wares and merchandise, of the reasonable value of $222.75." A copy of the account is attached to and made a part of the petition, and it is further alleged "that the defendant has not paid the same, nor any part thereof, although often requested so to do, and that said account is long past due." Then follows the usual prayer for judgment.

The defendant by its answer alleged that the plaintiff sold to defendant the bill of goods which consisted of ladies' hats and agreed to deliver the hats to the defendant at Evanston, Wyoming, forthwith, but failed to deliver but fifteen of them, which hats so delivered were sold to it for the total amount of $64.75, and alleged a tender and also tendered that sum in payment therefor. Defendant as a second defense and by way of counter claim alleges that the plaintiff shipped, together with the fifteen hats received by it, forty-six other hats of a quality not ordered by it, all in one shipment, and that the express on the shipment was $10.13, which it paid in order to obtain the hats kept; that its share of the express was $2.53, and that it was obliged to pay and did pay $7.60 express on the forty-six hats which it declined to receive.

It is assigned as error that the judgment is not supported by sufficient evidence. A preliminary question is raised as to the sufficiency of this assignment under the statute. One of the grounds for a new trial (Sub. 6, Sec. 3746, R. S.) is as follows: "That the verdict, report or decision is not sustained by sufficient evidence or is contrary to law." It is insisted that the sufficiency of the evidence does not go to the judgment, but to the finding which is general in this case and which is the basis of the judgment, and for that reason the evidence cannot be here reviewed. We think the objection is technical in view of the fact that the case was tried to the court without the intervention of a jury, and that sufficient warrant for a liberal construction of the statute is found in Section 2727, Revised Statutes, which says that the provisions of division three, which is the code

of civil procedure, "shall be liberally construed in order to promote the objects and assist the parties in obtaining justice." (Buckeye Pipe Line Co. v. Fee, 62 O. S., 543.)

The contention of the plaintiff in error that the sale was a completed one upon his delivery of the goods to the express company in New York to be transported to their destination is untenable. The evidence shows that by direction of the defendant in error they were so delivered, but there is no evidence that the delivery was for any other purpose, or that the carrier designated had authority to accept the goods as to quality. The rule is well settled that in the absence of an agreement to the effect that the carrier shall and does have power to accept the goods as to quality the right of inspection rests in the purchaser, who may exercise such right when the goods reach their destination, and may accept or reject the goods according to their compliance as to quality with the conditions of the purchase. The contract between the seller and purchaser is so far executory as to reserve this right to the purchaser even though the carrier be designated by the latter. (Benjamin on Sales, 701; Allard v. Gussart, 61 N. Y., 1; Pierson v. Crooks, 115 N. Y., 539; Pope v. Allis, 115 U. S., 363.)

The hats were shipped to Evanston, Wyo., by the Wells-Fargo Express Company and by that company delivered to the defendant in error, examined by it, fifteen of them accepted and forty-six rejected and shipped back to New York to the plaintiff in error. The hats were to be made in conformity with samples, exhibited to the president and general manager of the defendant at plaintiff's store in New York, and when so made were to be shipped to defendant at Evanston, Wyo. In the very nature of the transaction no delivery could be made nor the purchase completed by an acceptance until the hats were made, for until then there was nothing to deliver or to accept. Each hat was separate in pattern and the price of each was in no wise dependent upon the price of the other, and that being the case the defendant had the right to accept those that complied with

the requirements of the purchase and to reject and return those which did not. Such being the case, the acceptance of one, or a part of the hats was not an acceptance of all, for the purchase of each hat at its listed price was a separate and distinct transaction. In other words, the contract was severable. (7 A. & E. Ency. of Law, page 95; More v. Bonnett, 40 Cal., 251; 6 Am. St. Rep., 831; Buckeye Buggy Co. v. Montana Stables, 85 Pac., 1077.) In a similar case the Supreme Court of Minnesota said: "Our conclusion is that the contract was severable, at least as to the different styles of goods, so as to permit defendants to accept those which were according to samples, and to reject those that were not; and such we think would be the general understanding of merchants." (Potsdamer v. Krise, 57 Minn., 193.) It is, however, urged that the hats were not returned because they were not in accordance with the samples. The letter of advice to the plaintiff when they were so returned stated: "Now we returned these goods not because they were not good style, but because they are not value. * * * They were poorly made, were trimmed with plumage, which in some hats were moth eaten, and taken altogether they were the poorest lot of hats we have ever seen. * * * Whether they were made as ordered or not, we know that our Mr. Blyth would not look at such poor value, let alone buy it." Witnesses testified to the generally bad condition of the hats when received, and among these witnesses White testified that she had charge of the millinery department of the defendant and that the hats were packed three and four in a box, and were badly broken, the birds were broken and moth eaten and that the hats were not properly made; that they were made with buckles cut in two, and where so cut the buckles were very rough, and that the better ones were trimmed with cotton velvet, and that all the hats that could be used without putting new trimmings on were kept. The plaintiff, testified that Mr. Blyth, the president and manager of the defendant in error, "placed an order for a number of hats as per sample to be

delivered in accordance with sample, some colors to be different than the sample, leaving the combination as to colors to me." Mr. Blyth had not returned to Evanston when the hats arrived and never saw the goods which were returned. He testified that the samples from which he ordered were designated by number and that the defendant agreed to send hats made up exactly like the samples, and that the latter were all in perfect condition as to plumage and make. This evidence was competent in connection with the other evidence to show that the goods delivered were not those which had been ordered. It was not necessary as argued by counsel for plaintiff in error that the goods delivered should have been examined by Mr. Blyth. It was not so stipulated in the contract and the undertaking was to send goods of a particular pattern and quality, and if he failed to do so it was defendant's right to resort to competent evidence to show that fact. The quality of the goods being in dispute and the evidence conflicting, the court's finding will not be disturbed and we must hold that its decision that the defendant had the right to return the articles as never having been ordered by the defendant to be a correct interpretation of the law. In such a case the right to receive *pro tanto* the goods shipped and to decline to receive the balance is well recognized. The contract was an executory one and the defendant exercised its rights in accordance with the rules of law applicable thereto. The case is not one of equitable cognizance nor is the defense one for a breach of warranty. The action is one at law upon an alleged severable contract and the defense is that the defendant stands ready and willing to pay and tenders the amount due upon so much of the contract as has been completed, and that the plaintiff has failed to perform the balance of the contract and cannot recover thereon. Upon the issue the evidence was conflicting, and, being so, the finding and judgment of the court below will not be disturbed. *Affirmed.*

POTTER, C. J., and BEARD, J., concur.