METTE & KANNE DISTILLING CO., APPELLANT, *v.* LOWREY ET AL., RESPONDENTS.

(No. 2,642.)

(Submitted May 6, 1909. Decided May 22, 1909.)

[101 Pac. 966.]

*Sales—Delivery to Carrier—Transfer of Title—Action to Recover Price—Burden of Proof—Evidence Admissible Under General Denial—Theory of Case—Witnesses—Oath—Evidence on Former Trial—Admissibility—Presumptions.*

Sales—Transfer of Title—Delivery to Carrier.
  1.  When goods ordered in the ordinary course of trade are not directly delivered to the purchaser, but are turned over to a carrier for delivery, title to them is deemed to be vested in the vendee, subject to the right of stoppage *in transitu.* The latter, on receipt of them, has a reasonable time within which to inspect them, and he is bound to accept them only when they are in quality and description such as the purchaser ordered.

Same—Action for Price—Burden of Proof.
  2.  One who seeks to recover the contract price of goods shipped on order is bound to show by a preponderance of evidence that they are of the kind and quality ordered.

Same—Evidence—Admissibility.
  3.  On an issue whether whisky was of the brand and quality ordered, the defendant buyer was properly permitted to show that the barrels containing it were received by him in apparently the same condition as when shipped, and that they had not been tampered with after being stored in his cellar or their contents adulterated.

Witnesses—Evidence on Former Trial—Admissibility.
  4.  The testimony of a witness, given at a former trial in an action between the same parties and relating to the same subject matter, who was out of the jurisdiction at the time of the second trial, was competent.

Appeal and Error—Evidence—Objection not Made in District Court.
  5.  An objection to the introduction of testimony not made in the district court cannot be raised for the first time on appeal.

Evidence—Witnesses—Administering of Oath—Presumptions.
6. Where it appeared that a witness in a justice's court, in an action subsequently appealed to the district court, had been examined and cross-examined at length, the presumption attaches that the justice regularly performed his official duties and administered the oath to the witness before permitting him to testify.

Verdict Contrary to Law—Instructions.
7. A verdict cannot be said to be contrary to the law as declared by the court, where under its instructions the jury could have found the issue for either party.

Sales—Action for Price—General Denial—Evidence Admissible.
8. In an action for the price of goods to be shipped on order, proof that the plaintiff failed to ship goods of the quality ordered is admissible under a general denial.

Same—Appeal—Theory of Case.
9. Where a cause was tried on a theory adopted by plaintiff's counsel, he will not be heard to complain on appeal that such theory was wrong.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

Action by the Mette & Kanne Distilling Company against Thomas M. Lowrey and another. From a judgment for defendants, plaintiff appeals. Affirmed.

*Messrs. Binnard & Rodgers,* for Appellant.

The delivery of goods to a common carrier for transportation passes the title in the property to the consignee, and any subsequent change in the quality of said goods which entails damage or loss must be borne by the consignee. (22 Cyc. 1631; *United States* v. *Orene Parker Co.,* 121 Fed. 596; *United States* v. *Adams Express Co.,* 119 Fed. 240; 1 Mechem on Sales, 739; *Brockway* v. *Maloney,* 102 Mass. 308; *Krulder* v. *Ellison,* 47 N.. Y. 36, 7 Am. Rep. 402; *Willman Merc. Co.* v. *Fussy,* 15 Mont. 511, 48 Am. St. Rep. 698, 39 Pac. 738.)

The court erred in permitting the stenographer to read the testimony of the absent witness Juescke had in the justice's court. The showing as to the efforts of defendants to procure his attendance was insufficient. (*Kirchner* v. *Laughlin,* 5 N. M. 365, 23 Pac. 175; *Wilbur* v. *Selden,* 6 Cow. 164; *Gerhauser* v. *North British etc. Ins. Co.,* 7 Nev. 174; *Berney* v. *Mitchell,* 34 N. J. L. 341; *Le Baron* v. *Crombie,* 14 Mass. 234; *Lipscomb* v.

*Lyon,* 19 Neb. 511, 27 N. W. 731; *Weeks* v. *Lowerre,* 8 Barb. 530; *Mutual Life Ins. Co.* v. *Anthony,* 50 Hun, 101, 4 N. Y. Supp. 501; *Gastrell* v. *Phillips,* 64 Miss. 473, 1 South. 729; *Reynolds* v. *Fitzpatrick,* 28 Mont. 170, 72 Pac. 510.)

The answer of defendants having been a general denial, it was insufficient to admit evidence tending to show that plaintiff had not performed the contract by shipping the goods ordered. New matter constituting a defense or counterclaim must be specially pleaded. (4 Current Law, 1049; *Hogen* v. *Klabo,* 13 N. D. 319, 100 N. W. 847; *Rucker* v. *Bolles,* 133 Fed. 858, 67 C. C. A. 30; *McKyring* v. *Bull,* 16 N. Y. 297, 69 Am. Dec. 696; *Mauldin* v. *Ball,* 5 Mont. 96, 1 Pac. 409; *Iba* v. *Central Assn. etc.,* 5 Wyo. 355, 40 Pac. 527, 42 Pac. 20; *Penn Mutual Life Ins. Co.* v. *Ornauer,* 39 Colo. 498, 90 Pac. 846; *Taxier* v. *Gouin,* 5 Duer (N. Y.), 392; *Winkeer* v. *Roeder,* 23 Neb. 706, 8 Am. St. Rep. 155, 37 N. W. 607; *Northrup* v. *Mississippi Valley Ins. Co.,* 47 Mo. 435, 4 Am. Rep. 337.)

*Mr. James E. Murray,* for Respondents.

Where a seller relies on the contract in an action for the price, he must prove that he performed it by delivering goods of the quantity and quality of the article ordered. (*Ruiz* v. *Norton,* 4 Cal. 355, 60 Am. Dec. 618; *Flint* v. *Lyon,* 4 Cal. 21; *Haase* v. *Nonnemacher,* 21 Minn. 486; *Wolf* v. *Dietzsch,* 75 Ill. 205; *Woods* v. *Miller,* 55 Iowa, 168, 39 Am. Rep. 170, 7 N. W. 484; *Maxwell* v. *Kellogg,* 55 Mich. 606, 22 N. W. 60; *Bruce* v. *Pearson,* 3 Johns. 534; *Bryant* v. *Thesing,* 46 Neb. 244, 64 N. W. 967; *Viall* v. *Hubbard,* 37 Vt. 114.) Where goods ordered by a particular description are sent by common carrier, the buyer may receive them to see if they answer the order, and there can be no acceptance as long as the buyer consistently refuses to accept them as not answering the description of the goods ordered. (*Elliot* v. *Howison,* 146 Ala. 568, 40 South. 1018; *Catlin* v. *Jones,* 48 Or. 158, 85 Pac. 515.) If the goods are different from the goods ordered, the buyer may refuse to accept them. (*Hutchinson Co.* v. *Dickerson,* 127 Ga. 328, 56 S. E. 491;

*Parkins* v. *Missouri Pac.,* 76 Neb. 242, 107 N. W. 260; *Armstrong* v. *Columbia Co.* (Del.), 66 Atl. 366; *Ward Furniture Co.* v. *Isbell Co.,* 81 Ark. 549, 99 S. W. 845; *Jones* v. *Blomgarten,* 143 Mich. 326, 106 N. W. 891; Tiedeman on Sales, sec. 197.) The common carrier is not the agent for the purpose of acceptance, but merely for delivery. (*Pierson* v. *Crooks,* 115 N. Y. 539, 12 Am. St. Rep. 831, 22 N. E. 349; *Pope* v. *Allis,* 115 U. S. 363, 6 Sup. Ct. 69, 29 L. Ed. 393.) The seller must prove not only delivery, but acceptance in order to show an executed sale. (*Greenleaf* v. *Gallagher,* 93 Me. 549, 74 Am. St. Rep. 374, 45 Atl. 829; *Brown* v. *Foster,* 113 Mass. 136, 18 Am. Rep. 463; *Rider* v. *Kelley,* 32 Vt. 268, 76 Am. Dec. 176.)

Under a general denial, any matter may be given in evidence which shows that the plaintiff never had any cause of action. This would not constitute new matter. Ultimate facts only should be pleaded. The appellant pleaded ultimate facts and the denial throws upon the plaintiff the burden of proof. (See *Helena Bank* v. *Rocky Mt. Tel. Co.,* 20 Mont. 379, 63 Am. St. Rep. 628, 51 Pac. 831; *Cook & Woldson* v. *Gallatin Co.,* 28 Mont. 509, 73 Pac. 131.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action originated in a justice's court of Silver Bow county, and was brought to recover from King & Lowrey, copartners, $182.18, balance alleged to be due on account. The complaint alleges: That the plaintiff, at Butte, Montana, on the —— day of October, 1905, sold to defendants, and thereafter delivered to them, at their request, f. o. b. St. Louis, Mo., two barrels of Meadeville rye whisky, one barrel of California sherry, and one barrel of port wine; that defendants agreed to pay for the same the sum of $258.31 on or about January 9, 1906, but that they have not paid any part of said sum, except $76.13, leaving the said balance unpaid. The answer denies generally all the allegations of the complaint. In the justice's court plaintiff

had judgment. The defendants appealed to the district court. Pending the appeal the defendant King died. Defendant Lowrey, having been appointed executor of his will, was by an order of substitution by the district court made defendant in his representative capacity also. The trial in that court resulted in a verdict and judgment for defendants. Plaintiff has appealed from the judgment and an order denying it a new trial. The goods in controversy were ordered on October 5, 1905, by defendant Lowrey for the firm of King & Lowrey, who were conducting a saloon in Butte, through one Ambs, a traveling salesman in the employ of plaintiff. They were to be shipped at once, and, as the parties understood, f. o. b. at St. Louis, the plaintiff delivering the bill of lading to the defendants. There is no dispute but that goods, including the items named in the order and ostensibly of the brand and quality specified, were shipped by plaintiff on October 9, 1905, and were received by King & Lowrey, apparently in good order, on October 18 and properly stored in their cellar. The barrels were then all apparently in the same condition as when shipped. Nor is there any controversy touching the quality of the wines. They were paid for at the time the bill fell due and are not involved in this case. Some time after the whisky was received, and after it had been allowed to settle so as to be fit for use, no one in the meantime having had access to the cellar but Lowrey and the employees of the place, the barrels were opened, whereupon the barkeepers discovered that the whisky was of an inferior quality. Lowrey thereupon, on December 6, wrote the plaintiff as follows: "Your invoice of October 9 came all O. K. and the rye whisky is very unsatisfactory, seems to be a little musty, and cannot use it. Please advise us what to do with it." Considerable correspondence thereafter took place between the parties; the plaintiff insisting that it had filled the order properly by shipping Meadeville rye whisky, and that, if there was anything wrong with it, this condition was due to tampering by some one, probably the employees of King & Lowrey, after it had been received. Lowrey insisted that the whisky was not

Meadeville rye whisky, and finally notified the plaintiff that the firm would not pay for it and that it was held subject to plaintiff's order. The issue made in the evidence at the trial was whether the whisky shipped by plaintiff was of the brand and quality ordered, and this was the only question submitted to the jury. The trial was had upon the theory that the contract was an entirety for the sale of the whisky only.

The assignment is made in appellant's brief that the evidence is insufficient to sustain the verdict, but in the portion of it devoted to the argument no reference is made to the assignment. We assume, therefore, that this assignment was abandoned, and notice those only upon which appellant relies.

1. Assuming that the evidence conclusively shows that goods of the kind and quality ordered were delivered to the common carrier at St. Louis, appellant insists that the title then passed to King & Lowrey, and that any loss or damage due to subsequent change in their condition must be borne by the latter. The rule contended for by appellant is elementary. "The effect of the delivery to the carrier under proper circumstances is thus not only to transfer the title, but also to fix ordinarily the time and place at which the title passes. With the title go the risk and liability, and the seller may recover the price though the goods never arrived, or, without his fault, are injured on the way." (1 Mechem on Sales, sec. 739.) In *Wheelhouse* v. *Parr*, 141 Mass. 593, 6 N. E. 787, the rule is stated thus: "When goods ordered and contracted for are not directly delivered to the purchaser, but are to be sent to him by the vendor, and the vendor delivers them to the carrier, to be transported in the mode agreed on by the parties or directed by the purchaser, or when no agreement is made or direction given, to be transported in the usual mode, or when the purchaser, being informed of the mode of transportation, assents to it, or when there have been previous sales of other goods, to the transportation of which in a similar manner the purchaser has not objected, the goods, when delivered to the carrier, are at the risk of the purchaser, and the property is deemed to be vested in

him, subject to the vendor's right of stoppage *in transitu."* It is recognized by the courts generally. (*Wetzel* v. *Power,* 5 Mont. 214, 2 Pac. 338; *First National Bank* v. *McAndrews,* 5 Mont. 325, 51 Am. Rep. 51, 5 Pac. 879; *Walsh* v. *Blakely,* 6 Mont. 194, 9 Pac. 809; *Willman Mercantile Co.* v. *Fussy,* 15 Mont. 511, 48 Am. St. Rep. 698, 39 Pac. 738; *Norrington* v. *Wright,* 115 U. S. 188, 6 Sup. Ct. 12, 29 L. Ed. 366; *Sarbecker* v. *State,* 65 Wis. 171, 56 Am. Rep. 624, 26 N. W. 541; *Krulder* v. *Ellison,* 47 N. Y. 36, 7 Am. Rep. 402; 24 Am. & Eng. Ency. of Law, 2d ed., 1061; Benjamin on Sales, 7th ed., sec. 693.) Respondent does not contend that the rule is otherwise; but the question here is, not whether plaintiff delivered goods to the carrier for King & Lowrey, but whether it delivered the goods of the particular description ordered, to-wit, two barrels of Meadeville rye whisky. Having based its claim upon the express contract, the plaintiff was bound to show by a preponderance of the evidence that it had complied with its engagement, or be cast in the action, for, although it showed that it delivered other goods of the same general character, but of a different quality or description, this was not proof that it had delivered the particular quality of goods ordered. A failure to deliver the goods ordered is a failure to make delivery according to the contract, which precludes recovery upon it. (2 Schouler on Personal Property, sec. 396; Benjamin on Sales, 7th ed., sec. 600; 2 Mechem on Sales, sec. 1154.) The carrier is the bailee of the purchaser for the purpose of accepting delivery, but not to determine that the goods are in quality and description such as the purchaser ordered. The latter has the right of inspection after delivery to him by the carrier, and may take a reasonable time for that purpose. (Benjamin on Sales, 7th ed., 734; *Black* v. *Delbridge etc. Co.,* 90 Mich. 56, 51 N. W. 269; *Schiller* v. *Blyth & Fargo Co.,* 15 Wyo. 304, 88 Pac. 648, 8 L. R. A., n. s., 1167; *Pope* v. *Allis,* 115 U. S. 363, 6 Sup. Ct. 69, 29 L. Ed. 393.) He is bound to accept only when the seller has tendered the thing contracted for. The right of inspection, however, does not change the rule that delivery will be held to have been

made to the purchaser at the time of shipment and at his risk during transit. As heretofore stated, the sufficiency of the evidence as to the quality of the two barrels of whisky shipped is not challenged. Under proper instructions the court submitted to the jury the question at issue, to-wit, whether the whisky was Meadeville rye whisky. They found that it was not. This concludes plaintiff, unless the court was in error in its rulings upon questions of evidence.

2. The evidence on the part of the plaintiff tended to show that the shipment was strictly in compliance with the order. Defendant, in order to rebut this *prima facie* case, was permitted, over plaintiff's objection, to introduce evidence tending to show that the barrels containing the whisky were received apparently in the same condition as when shipped; that they were put into defendants' cellar and properly stored; that the cellar was kept locked so that no person but the proprietors, King and Lowrey, and their employees, could have access to them; that, after they remained there long enough to allow the whisky to get into condition for use, they were opened, whereupon it was found that they contained an adulterated liquor of a quality entirely different from Meadeville rye whisky; and that the adulteration could not have been accomplished except at some place where there were facilities for that purpose. This evidence also tended to show that the barrels had not been tampered with after they reached the cellar. All of it was objected to on the ground that it was immaterial and irrelevant, in that it did not tend in any way to show that the plaintiff had not shipped the quality of whisky ordered. The objection was properly overruled. The quality of the whisky when it was received was evidence of its quality at the time of its shipment; the proof on this point being materially aided by the fact that the barrels had not thereafter been tampered with while in charge of the carrier or after their arrival in Butte, as well as by the additional fact that the contents had not been adulterated as they were found to have been after their receipt in Butte.

3. Herman Jueschke was employed as a porter by King & Lowrey at the time the whisky was received by them, and stored the barrels in the cellar. At the trial in the justice's court, he was examined as a witness for defendants. Pending the appeal he left the state of Montana, and at the time of the trial in the district court was residing at Tonopah, Nevada. These facts having been shown, the witness Riley, a stenographer of experience who had taken stenographic notes of the evidence of Jueschke in the justice's court, after stating that his notes contained a correct report of the testimony, was permitted to read them to the jury, over the objection of counsel that the evidence was incompetent, in that it did not appear that the witness was out of the state. It is argued now that the evidence was incompetent also upon the further ground that it did not appear that the witness had been sworn in the justice's court. The statute (section 7887, Revised Codes) declares: "In conformity with the preceding provisions, evidence may be given upon a trial of the following facts:  *  *  *  (8) The testimony of a witness deceased, or out of the jurisdiction, or unable to testify, given in a former action between the same parties, relating to the same matter." To render the evidence competent, it was necessary for it to appear that the witness had theretofore been examined in a former controversy between the same parties, relating to the same subject matter, and that he was at the time of the trial, either (1) dead, or (2) out of the jurisdiction, or (3) unable to testify. (*Reynolds* v. *Fitzpatrick*, 28 Mont. 170, 72 Pac. 510.) The objection being exclusively upon the ground that it did not appear that the witness was out of the jurisdiction, it was met and removed by the evidence of a witness who stated that he knew of his own knowledge of the whereabouts of Jueschke, that he was then residing at Tonopah, Nevada, and that he had not been in the state of Montana since his removal therefrom, some months before. The objection that it did not appear affirmatively that the witness had been sworn by the justice was not made in the district court, and may not be considered here; but, even so, it appeared that he had been called on behalf of the defendants

and had been examined and cross-examined at length. It would seem that the presumption ought to attach that the justice regularly performed his official duty. The briefs contain some discussion of the question whether the stenographer should have been allowed to read his notes, or have been required to speak from memory, and to use his notes only as an aid. The propriety of the method pursued in this regard was not called in question at the trial. It is now too late to question it.

4. The court, among other instructions of like import, submitted the following: "(3) the court instructs the jury, as a matter of law, that where goods are delivered to a common carrier for transportation over its line, and the contract of purchase is silent as to the person or mode by which the goods are to be sent, a delivery by the vendor to a common carrier in the usual and ordinary course of business transfers the property to the vendee." It is argued that, since it appeared that a delivery of the goods ordered by King & Lowrey was made to the carrier, the said bailee, in accordance with the understanding of the parties, the jury could not properly have found for the defendants at all under this instruction, and hence that the verdict was contrary to the law as declared by the court. This contention is without merit. As already pointed out, while the carrier was the agent of the defendants to accept delivery of the goods, it was not their agent to approve the quality of them. The contract remained so far executory, after delivery to the carrier, that the defendants were not bound by it until they had received goods of the quality and description ordered. Whether the plaintiff shipped such goods was the only question at issue. Under the instruction the jury could have found the issue either way. Their verdict was therefore not contrary to the law.

5. Contention is made that the answer of the defendants, being a denial only, was not sufficient to admit evidence tending to show that the plaintiff had not performed the contract by shipping the goods ordered. The point made is that, if plaintiff failed to ship goods of the quality ordered, it was guilty of a breach of warranty, and that defendants could not rely upon

this defense without specially pleading it.    There was no question of breach of warranty involved.    (Benjamin on Sales, 7th ed., sec. 600.)    The plaintiff relied upon the contract.    In order to recover it was bound to show that it had delivered the goods as it had engaged to do.    (*Stotesbury* v. *Power*, 27 Mont. 469, 71 Pac. 675.)    Defendants' denials were all that were required to put the burden upon the plaintiff; but, were the rule otherwise, the case was tried upon the theory adopted by plaintiff's counsel in the court below.    It cannot now insist that this theory was wrong.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.

