WESTERN MINING SUPPLY CO., APPELLANT, *v.* MELZNER, ADMR., ET AL., RESPONDENTS.

(No. 3,293.)

(Submitted October 20.   Decided October 29, 1913.)

[136 Pac. 44.]

*Appeal—Insufficient   Evidence—Verdict   Conclusive,   When— New   Trial—Offer of   Proof—Briefs—Assignments of   Error— Waiver—Instructions.*

Appeal—Conflicting Evidence—Verdict Conclusive.
   1.   Where the verdict of the jury is based on conflicting evidence, it is conclusive on appeal.

Same—New Trial—When not to be Granted.
   2.   The solution of questions of fact being primarily a matter for the jury, a new trial asked for on the ground of the insufficiency of the evidence to support the verdict should be granted only for reasons cogent and convincing.

Same—Offer of Proof—When Rejection Proper.
   3.   Where documentary evidence is offered, some of which is admissible and some of which is not, the offer may be rejected as a whole.

Same—Briefs—Argument—Assignments of Error—Waiver.
  4. An assignment of error based upon an instruction given, the only argument devoted to which in appellant's brief is contained in the words: "As to this instruction we think that this error is the breach of an elementary proposition of law," will be deemed waived for lack of proper argument in support thereof.

Same—Modified Instructions—When Refusal Proper.
  5. A trial court cannot be put in error for refusing a suggested modification of an instruction, unless the instruction, as modified, correctly states the law and is applicable to the facts of the case before it.

*Appeal from District Court, Silver Bow County; Geo. B. Winston, Judge of the Third Judicial District, presiding.*

ACTION by the Western Mining Supply Company against A. B. Melzner, as administrator of John J. Quinn, deceased, and others. From an order denying plaintiff's motion for a new trial, plaintiff appeals. Affirmed.

*Messrs. Maury, Templeman & Davies,* and *Mr. Chas. R. Leonard,* for Appellant, submitted a brief; *Mr. H. Lowndes Maury* argued the cause orally.

*Mr. James E. Healy* and *Mr. C. M. Parr* submitted a brief in behalf of Respondents; *Mr. Parr* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Action in conversion. The defendants prevailed in the lower court, and plaintiff has appealed from an order denying it a new trial.

Plaintiff's claim of title to the property out of which this controversy arose rests upon alleged purchases of it from the Shackleton & Whiteway Construction Company on May 29 and June 26, 1905. Defendant Parr claims the same property by virtue of his purchase of it at sheriff's sale following an attachment levied on July 8, 1905. A more detailed statement of the facts introduces the opinion on the former appeal. (*Western Mining Supply Co.* v. *Quinn,* 40 Mont. 156, 135 Am. St. Rep. 612, 20 Ann. Cas. 173, 28 L. R. A. (n. s.) 214, 105 Pac. 732.) Upon the last trial the result of the controversy was made to depend

upon the answers to the inquiries: Was there a sale of the property by the Shackleton & Whiteway Construction Company to plaintiff? And, if so, was there such an immediate delivery and actual and continued change of possession as to satisfy the statute of frauds? (Rev. Codes, sec. 6128.) In our consideration of the matters we have not made any distinction between the plaintiff and its immediate predecessors.

While there are items of evidence and circumstances which might have raised a doubt in the minds of the jurors as to whether there was any sale at all by the construction company to plaintiff, we may assume that, as between the parties, there was a valid sale, and the determining question then is: Was there a delivery of possession of the property? The only persons who assumed to know what was done were Suiter, who acted for and on behalf of the construction company, and Farnham, who acted for the plaintiff. These two witnesses told the same story; and, if there was any delivery at all, it occurred on June 26, 1905, and resulted from the delivery by Suiter to Farnham of the key to the warehouse which contained the balance of the property. Upon the former appeal we held that if there was such a symbolical delivery, and the construction company thereafter ceased to exercise any ownership or control, it was sufficient as against the claim of the attaching creditor. (*Western Mining & Supply Co.* v. *Quinn et al.,* above.) Upon this trial Suiter and Farnham were required to go into details as to their transaction, and in doing so they testified that the warehouse was entered only through the office door and a basement door, the other doors fastening upon the inside, and that the basement was occupied by one Lawlor as a livery barn. Whether Farnham received a key to the basement is not made plain, but in any event, about the time of this supposed delivery, Lawlor caused a new lock to be placed upon the basement door and retained the keys to that lock. Practically all of the machinery, lumber, *etc.*, was housed upon the floor above the livery barn and access to it had only through the office door. According to Suiter and Farnham, that office door was fastened by means of a Yale lock, and it was through the delivery of the key to that

Yale lock by the construction company, acting through Suiter, to the plaintiff, acting through Farnham, that delivery was made, if made at all, on June 26, 1905. If this testimony had been accepted by the jury, a different result would have been reached; but it was not believed by the jury, and it was not uncontradicted. Lawlor and Parr each testified that there was not any Yale lock on the office door at the time the attachment was levied, and they and other witnesses testified that there was not any evidence that a Yale lock had ever been on the door. Upon this contradictory evidence it was for the jury to determine whether there was in fact any delivery, and the verdict is [1] conclusive against the plaintiff and fully justifies the trial court's ruling. A new trial should not be granted except for [2] reasons cogent and convincing, for all questions of fact presented by the evidence are primarily to be solved by the jury. (*Sutton* v. *Lowry,* 39 Mont. 462, 104 Pac. 545; *Welch* v. *Nichols,* 41 Mont. 435, 110 Pac. 89.)

Complaint is made of a ruling by the trial court excluding plaintiff's offer in evidence of the minute entry of a meeting of the stockholders of the construction company authorizing Suiter to sell the property; but the record discloses also that [3] plaintiff offered as an entirety six typewritten pages of minute entries which included, with the entry authorizing Suiter to make the sale, entries of other meetings with reference to subjects entirely foreign to the matter before the court. It is the rule in this state, and generally for that matter, that if a party makes an offer of evidence, some of which is admissible and some of which is not, the offer may be rejected as a whole. (*State* v. *Hanlon,* 38 Mont. 557, 100 Pac. 1035.) Counsel cannot impose upon the trial court the duty to segregate the admissible from that which should not be admitted.

Exception is taken to instruction No. 5 given by the court. [4] All that is said of this by counsel for appellant in that portion of their brief devoted to argument is: "And furthermore, as to this instruction, we think that this error is the breach of an elementary proposition of law." It is the rule in this juris-

48 Mont.—12

diction that an assignment not argued will be deemed waived. (*Mette & Kanne Distilling Co.* v. *Lowery,* 39 Mont. 124, 101 Pac. 966; *Foster* v. *Winstanley,* 39 Mont. 314, 102 Pac. 574.) The statement quoted above cannot be dignified with the title "argument," and hereafter assignments thus treated will be deemed within the rule above, for, if counsel for appellant cannot urge some specific reason for their objections, they ought not to expect the members of this court to do that work for them.

It may be readily conceded that the instruction, as given, is erroneous, in the sense at least that it ought not to have been given. It is not founded upon the evidence. Either there was a delivery of the property by the delivery of the key to Farnham or there was not any delivery at all. There is not room for another inference from the evidence. The court submitted to the jury the question whether plaintiff "by some open, visible, and notorious acts of ownership" had taken actual possession of the property. The jurors may have understood the instruction, but after the most careful consideration we are in doubt as to whether we do. If it was the purpose of the instruction to inform the jury that plaintiff must prove, not only an immediate delivery, but an actual and continued change of possession, the language employed would seem to come as nearly concealing that purpose as any that could be selected. If it was the intention to inform the jury that plaintiff might, by some open, visible, and notorious acts of ownership, obviate the necessity of a delivery, it is clearly erroneous as contradicting the statute. (Sec. 6128, above.) However, the suggested modification made by plaintiff at the settlement would not have aided the instruction or made it less objectionable; and it is elementary that a trial court cannot be put in error for refusing a suggested change of an instruction, unless the instruction, as changed, correctly states the law and is applicable to the facts of the given case.

The order of the district court is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.