NELSON, APPELLANT, *v.* BOSTON AND MONTANA CONSOLIDATED COPPER AND SILVER MINING COMPANY, RESPONDENT.

(No. 2,373.)

(Submitted February 13, 1907.   Decided February 20, 1907.)

(88 Pac. 785.)

*Personal Injuries—Mines—Master and Servant—Safe Place to Work—Instructions—Contributory   Negligence—Assumption of Risk—Fellow-servants—Appeal—Briefs.*

Personal Injuries—Master and Servant—Mines—Safe Place to Work—Instructions.
    1.   An instruction submitted in an action for personal injuries, alleged to have been sustained by plaintiff, a shoveler in a mine, by reason of defendant's failure to furnish him a safe place to work, which in general terms correctly stated the law as to the reasonable care which the master is bound to exercise in providing a safe place to work, was not objectionable in that it omitted to charge that it was incumbent upon defendant mining company to provide competent inspectors to look after the workings in its mine.   If plaintiff desired an instruction on this point, and the evidence introduced warranted its submission, he should have requested it.

Appeal—Errors—Briefs.
    2.   Error complained of but not argued in the brief will not be considered.

Personal Injuries—Master and Servant—Mines—Assumption of Risk—Instructions.
    3.   The use of the words "would," "could," and "might" interchangeably in instructions to the jury in a personal injury case, which substantially told them that an employee must be held to have known what a person of ordinary prudence *would* have learned under the circumstances surrounding him in the discharge of his duties, that if, in

the exercise of ordinary care, he *could* have learned the obvious risks connected with his employment, he must be regarded as having voluntarily assumed them, and that whatever he *might* have discovered he must be supposed to have known, cannot be said to have left the jury to conjecture as to what he *possibly* might or could have learned, but could only have been understood by them that the test was as to what a man of ordinary prudence, exercising ordinary and usual care, would have learned under the circumstances surrounding him.

Same—Safe Place to Work—Contributory Negligence—Instruction Warranted by Evidence.

4. Where, in an action to recover damages for personal injuries claimed to have been sustained by a shoveler in a mine, on account of defendant mining company's neglect to furnish him a safe place in which to work, plaintiff's own case raised a presumption of contributory negligence, an instruction thereon may be given, even though it was not pleaded as a defense.

Same—Pleadings—Inconsistent Defenses.

5. *Obiter:* The defendant in a personal injury case may plead inconsistent defenses.

Same—Negligence of Fellow-servants—Instruction Warranted by Evidence.

6. An instruction that defendant mining company could not be held liable for the negligence of the fellow-servants of plaintiff, a shoveler in a mine, who had been injured by a falling rock and brought suit to recover damages for the injuries sustained, was warranted where plaintiff himself had testified that it was the custom of miners to pick down the loose rock and see that everything was in proper shape before the shovelers commenced their labors, but that he did not know whether this had been done and that he had not inquired.

Same—Concurrent Negligence of Defendant—Instructions.

7. Nor was the foregoing instruction objectionable for that it omitted to charge that, in the event of the concurrent negligence of the defendant, plaintiff could still recover even though there had been negligence of his fellow-servants. A court is not bound to cover every contingency in one instruction, and if plaintiff deemed the question of defendant's concurrent negligence in the case, he should have offered an instruction on the point.

Same—Instructions to Fit Testimony—Appeal.

8. In an action by a shoveler in a mine for personal injuries, where it appeared that plaintiff had been injured by the falling of a loose rock after a blast, and that the miners were charged with the duty of ascertaining after each blast whether everything was safe before the shovelers went into the workings, and where no question had been raised by the plaintiff of a more thorough inspection, the court's failure to insert in an instruction on the assumption of risk, a provision that if the employees of defendant could not have "expected" the unsafe condition of the rock, after examination by an inspector, then the risk was assumed by plaintiff, was not error. It was the duty of the court to frame its instructions to fit the testimony introduced.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

ACTION by John Nelson against the Boston and Montana Consolidated Copper and Silver Mining Company. Judgment for

defendant.   Plaintiff appeals from the judgment and from an order denying him a new trial.    Affirmed.

*Messrs. Maury & Hogevoll,* and *Mr. John A. Smith,* for Appellant.

*Mr. J. L. Wines,* and *Messrs. Forbis & Evans,* for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an action to recover damages for personal injuries sustained by plaintiff while in the employ of the defendant company, as a shoveler in one of its mines, in Silver Bow county. The breach of duty complained of by the plaintiff was the failure of the defendant to exercise ordinary care in providing him with a reasonably safe place in which to work.   He alleges that the injury he received was occasioned by no fault of his own. Defendant answered, putting in issue the material allegations of the complaint, and pleading affirmatively that plaintiff knew the dangerous character of the work in which he was engaged, and assumed the risks incident thereto.   There was no affirmative plea of contributory negligence.   The reply denied the affirmative allegations of the answer.

The cause was tried before the district court of Silver Bow county sitting with a jury, and a verdict was had in favor of the defendant company.   From a judgment on this verdict, and from an order denying him a new trial, plaintiff has perfected his appeal to this court.

There is no question, under the testimony, that plaintiff was injured by reason of a large rock or boulder falling upon him while he was at work in the mine.   The place of the accident was in a regular stope where ore was being extracted daily.   Just before plaintiff was hurt, the miners had set off blasts.   Plaintiff and a fellow-shoveler went in to shovel and clean up the loose rock that had resulted from the blasts.   Plaintiff testified: ''I should judge I was shoveling about a month.   At the time of the accident I was shoveling dirt in the chute, and was to pick

down this boulder and break it up into small pieces so they would go in the chute."

Plaintiff complains of instruction No. 5, which is as follows: "If the defendant did not know, and with reasonable care and caution could not have discovered, the danger through which John Nelson was injured, then the defendant is not liable to the plaintiff on account thereof. The rule which requires the employer to use reasonable care in providing a safe place to work does not require that the employer shall guard against every possible contingency, but only such as are probable or likely to occur." He says it "omits the multitude of cases of liability where the company did not know of the danger and could not have discovered the danger, but where a competent inspector would always expect danger ordinarily existent." This objection is specific. Plaintiff complains that the jury were not advised as to a duty on the part of defendant company to provide competent inspectors. Whether or not reasonable care on the part of the defendant company included the employment of inspectors was a question to be determined at the trial, and, if the plaintiff relied upon such contention, it was the duty of his counsel to request an instruction covering the point, in case the evidence warranted such instruction. It was not the duty of the court to do so of its own motion, because instruction No. 5, in general terms, covers the question of reasonable care.

Regarding instruction No. 9 plaintiff says: "We complain of the word 'naturally.' " We understand this language to mean that plaintiff has some fault to find with the use of the word "naturally" in this instruction, but as he has not argued the matter in his brief, we shall pass it here.

Instructions Nos. 11 and 15 are as follows:

"No. 11. You are further instructed that the plaintiff, John Nelson, must be held to have learned, and to have known whatever a person of ordinary prudence exercising ordinary and usual care would have learned and known, under the circumstances surrounding him in the discharge of the duties of his employment. And, if he did in fact know, or, with the exercise

of such ordinary care, could have learned, prior to said accident, the manner in which the work was being performed, and the obvious risks and dangers arising in connection with such work, and if the injury sustained by him resulted from such obvious dangers and risks, then such injury must be regarded as having been sustained through a risk voluntarily assumed by him, and defendant would not be liable on account thereof.''

''No. 15. The law required John Nelson to use his natural faculties. Whatever he might have seen or discovered, exercising reasonable and ordinary care, he is supposed to have known. If he had an opportunity to ascertain whether the ground which fell on him was loose, his duty would not permit him blindly to venture under it without investigation. He was required to use his ordinary senses in places of danger, such as ground which had been recently blasted, and, if he failed to do so, and was injured by reason thereof, he cannot recover, even though you find the defendant had been negligent in not properly securing the ground.''

As to instruction No. 11 plaintiff says: ''We complain of the word 'could.' It calls for a higher degree of care than the law requires. The test being, we claim, what a man of ordinary care 'would' learn.'' And he complains of instruction No. 15 in this language: ''We make the same complaint against this as against No. 11. The same erroneous idea is expressed in stronger language.''

It will be noted that the trial court used the words ''would,'' ''could,'' and ''might'' interchangeably. We do not think, after carefully reading all of the testimony, that the jury were in any way misled by this; nor do we consider it necessary to inquire into the potentialities of these three words. Plaintiff's counsel refers to the jury as the ''plain men in the box,'' but insists upon their being regarded by this court as a group of lexicographers, philologists, grammarians, and analysts. We do not believe juries should be so treated. Trial by jury was gradually evolved, under our system of jurisprudence, for the very purpose of getting the opinions of twelve ''peers''—that is,

·twelve men like the parties interested—upon disputed questions
of fact. It is notorious that, in many cases, verdicts are not
logical deductions from the testimony, but they reflect the com-
posite judgment of the twelve men in the jury-box, and that is
the best result that the human race has yet been able to attain.

The word "might" as defined by Webster, denotes not alone
"possibility," but also "ability" and "capacity." "Could"
denotes "ability" and "capability." We do not think these
instructions allowed the jury to enter the realm of conjecture
as to what the plaintiff might, or could, *possibly,* have learned,
but rather, that they confined the test to what a man of ordinary
prudence, exercising ordinary and usual care, would have
learned, and we are satisfied the jury so understood them.

Again, it is contended that instruction No. 14 is erroneous be-
cause, as plaintiff's counsel says, it is a "jumbling" together of
two absolutely inconsistent defenses. We do not so construe the
language used. It is as follows: "No. 14. If you find from the
evidence that John Nelson, before the accident happened, was
warned of the danger, and told not to go beneath the untimbered
ground, but to keep beneath the timbers, then you should con-
sider such fact, in determining what risks and dangers he as-
sumed in connection with his employment, and also in connec-
tion with the question of contributory negligence."

In the case of *Ball* v. *Gussenhoven,* 29 Mont. 321, 74 Pac. 871,
this court said: "The defenses of contributory negligence and
assumption of risk are entirely inconsistent with each other,
and do not rest upon the same principles, and the existence of
one excludes the existence of the other. * * * If the defense
of the assumption of risk is maintained, the question of the ex-
istence of contributory negligence does not arise, because, if
plaintiff assumed the risks of the employment, he cannot recover,
even if he exercised the highest degree of care." The rule is
well settled that the defendant may plead inconsistent defenses,
if he so desires.

Two questions arose in the case at bar: (1) Whether the plain-
tiff was injured through one of the assumed risks of his employ-

ment; and (2), if the danger was not incident to the employ-
ment, did he exercise ordinary care in avoiding it? If it were
an assumed risk, it makes no difference whether he was guilty
of contributory negligence or not. On the other hand, if he
did not assume the risk as an incident of his work, the question
immediately arises, under his own testimony: Was he guilty of
contributory negligence?

But, appellant says, the defendant has not pleaded contribu-
tory negligence. This is true, and if plaintiff's own case dis-
closed no question of contributory negligence, it would have
been improper, under the rule laid down in *Nelson* v. *City of
Helena,* 16 Mont. 21, 39 Pac. 905, to have instructed the jury
on that subject. In that case the court said: "It is the doctrine
of this jurisdiction that contributory negligence is a matter of
defense, and that plaintiff need not allege or prove its absence.
* * * There is a corollary, rather than an exception, to this
rule; * * * the corollary being to the effect that, whenever
the plaintiff's own case raises a presumption of contributory
negligence, the burden of proof is immediately upon him. In
such a case it devolves upon the plaintiff, as of course, to clear
himself of the suspicion of negligence that he has himself cre-
ated. He must make out his case in full, and where the circum-
stances attending the injury were such as to raise a presumption
against him, in respect to the exercise of due care, the law re-
quires him to establish affirmatively his freedom from contribu-
tory fault."

Nelson testified on cross-examination in his case in chief that
it was the custom of the miners to go in and pick down the loose
rock, and see that everything was in proper shape before the
shoveler went in, but he did not know whether they did so on this
occasion or not; that he did not inquire before he and Goldberg
went in, because he did not think it was necessary, and did not
know anything about it. We think this testimony warranted
the court in submitting to the jury an instruction on contributory
negligence.

Plaintiff also complains of instruction No. 13, which is as follows: "Among the risks and dangers of his employment, which the said John Nelson assumed when entering into said employment were the risks and dangers arising from negligence of the fellow-servants of the said John Nelson in the employ of the defendant, and the defendant cannot be held liable for any act or acts of negligence of fellow-servants of the said John Nelson which may have resulted in the injury complained of." He says his complaint of this instruction is that there was no evidence of any negligence of fellow-servants, and, if there were, the instruction excludes the right to recover if there was concurrence of negligence of the company with the negligence of fellow-servants. The question of the negligence of the miners in failing to pick down this rock was certainly in the case, and was a proper subject of argument to the jury; therefore, the court had a right to cover it by an instruction. So far as the question of concurrent negligence on the part of the company was concerned, the trial court is not bound to cover every possible contingency in one instruction, and, if the plaintiff conceived there was such a question in the case, he should have offered an instruction covering the point.

Appellant contends that instruction No. 18 "flatly imputes to John Nelson want of ordinary care, and leaves to the jury only the question as to whether this want of ordinary care was the proximate cause of the injury." We are unable to place any such construction upon the language employed, but are of opinion that the instruction left to the jury the question of whether plaintiff exercised ordinary care.

The last error relied upon by appellant is as follows: He contends that the words "or expected" should have been used after the word "ascertained" in instruction 21, which is as follows: "You are further instructed that, if you find from the evidence in this case that that certain rock or boulder referred to in the testimony, and which is alleged to have fallen upon plaintiff, was loosened or displaced from its natural position by the blast mentioned by the witness, and which blast is alleged to

have gone off or been fired a short time prior to the fall of such rock or boulder, and if you further find that none of the men in the employ of the defendant at the place of such blasting knew . that such rock or boulder had become so loosened or displaced or that the same was in an unsafe or insecure position or was in danger of falling, or that such employees of defendant could not have ascertained the same, or of such unsafe or insecure condition of such rock or boulder, by the exercise of ordinary care and caution, then you are instructed that the danger to plaintiff by reason of the condition of such rock or boulder or the danger of its falling was a risk assumed by plaintiff in his employment, and he cannot recover in this action, and your verdict should be for the defendant.''

We do not agree with appellant.   Under the facts in this case, as shown by plaintiff's own witnesses, the miners were charged with the duty of ascertaining whether everything was safe after a blast, and no question of other or more thorough inspection was raised by the plaintiff at the trial.   He cannot complain that the court framed its instructions to fit the testimony of the particular case.   It was the duty of the court to do so.   As this is the only complaint made of the instruction, we have given it no further examination.

We are of opinion that the plaintiff had a fair and impartial trial before a jury of his peers, whose verdict should not be disturbed.

The judgment and order of the district court of Silver Bow county are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.