THE HON. WILLIAM L. HOLLOWAY,
⎱ Associate Justices.
THE HON. SYDNEY SANNER,

---

## TROGDON, RESPONDENT, *v.* HANSON SHEEP CO., APPELLANT.

(No. 3,357.)

(Submitted February 11, 1914. Decided March 18, 1914.)

[139 Pac. 792.]

*Work and Labor—Quantum Meruit—Corporations—Instructions—Assumption of Fact—Opinion Evidence—Admissibility—Briefs—Assignments of Error—Waiver—Offer of Proof.*

Appeal and Error—Assignments of Error—Waiver.
　　1. Specifications of error not argued in appellant's brief will be deemed waived or abandoned.

Same—Evidence—Exceptions.
　　2. Error in rulings on the admission of evidence, to which no exceptions were saved, will not be considered on appeal.

Same—Offer of Proof—When Necessary.
　　3. Where an objection to evidence is sustained and it is not apparent what the answer of the witness would be, an offer of proof is necessary to entitle appellant to a review of the ruling.

Opinion Evidence—Admissibility.
　　4. To make expert testimony admissible it is not necessary that the witness must know the actual facts respecting the subject under consideration; he may base his opinion upon an assumed state of facts.

Work and Labor—*Quantum Meruit*—Corporations—Evidence—Admissibility.
5.    Where labor has been performed for a corporation with the knowl-
edge of its directors and officers and without objection on their part,
it is liable on a *quantum meruit*, in the absence of an express contract
under which it was performed; and evidence which brings home to such
officers knowledge of the fact that plaintiff expected pay is admissible.

[As to authority of general manager or agent of corporation to hire
employees, see note in Ann. Cas. 1914B, 831.]

Same—Instructions—Assumption of Fact—Proper Refusal.
6.    Where, in an action by a married woman against a corporation
for services rendered by her, the question whether her husband was
her agent in her dealings with defendant was in issue, a requested
instruction which assumed such to have been a fact was properly
refused.

Appeal and Error—Verdict—Conclusiveness.
7.    The fact that on the evidence as presented to the appellate court it
might have made a different finding is not sufficient to warrant dis-
turbing a verdict which has been approved by the trial court in deny-
ing a new trial.

*Appeal from District Court, Yellowstone County; Geo. W. Pierson, Judge.*

ACTION by Effie Trogdon against the Hanson Sheep Company, a corporation. From a judgment for plaintiff, and an order denying it a new trial, defendant appeals. Affirmed.

*Messrs. Loud, Collins, Brown, Campbell & Wood,* for Appellant, submitted a brief; *Mr. Chas. S. Loud* argued the cause orally.

*Mr. M. J. Lamb* and *Mr. W. R. Swank,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

For some time prior to October 1, 1907, A. S. Hanson was engaged in the sheep business in Yellowstone county. Nathan Trogdon was his foreman, and Trogdon's wife, this plaintiff, cooked for the men employed. The two received as wages $75 per month and the living for their family. In July, 1907, Hanson and Trogdon entered into a contract by which Trogdon was to purchase a one-third interest in the business and continue as foreman at $75 per month. Nothing was said in the agree-

ment about Mrs. Trogdon. The contract never went into effect, however, for a corporation—this defendant—was organized, which took over the business. Trogdon became the owner of one-third of the capital stock, and was made the secretary-treasurer of the company. Hanson and his wife owned the remainder of the stock. Hanson was elected president, and Mrs. Hanson vice-president. There was never but one meeting of the stockholders or directors held, and Mrs. Trogdon was not present at that time, and, so far as the record discloses, knew little, if anything, of what transpired. Trogdon was given a check-book, and for more than three years acted as foreman, employing, paying and discharging the help, and drawing for himself $75 per month. The contention of the plaintiff is that, about the time the corporation was organized, she had conversations with her husband and Mr. Hanson, in which she informed them that, if she worked for the company, she would expect compensation to herself, and that she was promised wages by them. The contention of the defendant is that Trogdon and his wife were to continue working for the company under the same arrangement which prevailed while they worked for Hanson, and that the $75 per month paid to Trogdon, together with the living for his family, constituted the compensation for both. After something more than four years had elapsed, Mrs. Trogdon demanded payment for the services which she had rendered to the company, and, when this was refused, she instituted this action by filing a complaint which counts upon a *quantum meruit* and also upon an express contract. The answer is a general denial and also an affirmative plea of payment. By an appropriate instruction, the trial court withdrew from the jury consideration of the second count of the complaint, and the cause was submitted on the *quantum meruit* count alone, resulting in a verdict and judgment for the plaintiff. The defendant has appealed from the judgment and from an order denying it a new trial.

There are eighteen specifications of error in appellant's brief, [1] but, of these, 9, 11, and 15 are not argued, and will be

treated as waived or abandoned. (*Mette & Kanne Distilling Co.*
v. *Lowrey,* 39 Mont. 124, 101 Pac. 966; *Watkins* v. *Watkins,*
39 Mont. 367, 102 Pac. 860; *Nelson* v. *Boston & Mont. etc. Silver
Min. Co.,* 35 Mont. 223, 88 Pac. 785.)   Specifications 5, 6, and
11 relate to rulings of the trial court upon the admission of
evidence, but the record fails to disclose that any exception was
[2]   saved in any one of these instances, and appellant will
be deemed to have acquiesced in the decisions. (*State* v. *Tudor,*
47 Mont. 185, 131 Pac. 632; *State* v. *Biggs,* 45 Mont. 400, 123
Pac. 410; *Gehlert* v. *Quinn,* 35 Mont. 451, 119 Am. St. Rep.
864, 90 Pac. 168.)   Specifications 2, 3, and 4 challenge rulings
of the trial court in admitting evidence tending to show author-
ity in Nathan Trogdon to employ his wife and to charge the
company for her wages.   In limiting the jury to a consideration
of the first count of plaintiff's complaint, the trial court specifi-
cally withdrew all of this evidence, so that no possible prejudice
could have resulted, if any error occurred.

While a witness for the defendant, A. S. Hanson testified con-
cerning the payment of $30 to this plaintiff, gave his version
of the transaction, and stated that the amount was charged to
Nathan Trogdon's account.   He was then asked if he had the
book of original entry, but an objection to the question was
sustained, and error is predicated upon the ruling.   There was
[3]   not any offer of proof made, and it is impossible for us
to determine whether any error was committed.   We cannot tell
whether the witness would have answered in the affirmative or
negative; and this emphasizes the reason for the rule which has
been repeated by this court so often, *viz.:* Where an objection
to evidence is sustained, and the answer of the witness is not
apparent, an offer of proof is necessary to enable the supreme
court to review the ruling.   (*Tague* v. *John Caplice Co.,* 28
Mont. 51, 72 Pac. 297; *Frederick* v. *Hale,* 42 Mont. 153, 112 Pac.
70; *Taylor* v. *Malta Merc. Co.,* 47 Mont. 342, 132 Pac. 549.)

A witness, Robinson, was called as an expert to give an opin-
ion as to the value of the services which it is alleged Mrs.
Trogdon rendered to the defendant company.   The witness had

[4] been present in the courtroom, and had heard Mr. and Mrs. Trogdon describe the work for which the plaintiff is seeking compensation. On cross-examination, he was asked whether he knew what services Mrs. Trogdon actually rendered the company, but, upon objection, he was not permitted to answer. The ruling is so clearly correct that we wonder at counsel's contention. An expert is not required to know the actual facts respecting the subject under consideration. He may base his opinion, not upon facts, but upon an assumed state of facts. In this instance, counsel for plaintiff might properly have recited to the witness the plaintiff's contention as to the work she had done, so far as disclosed by the evidence, and upon that might have asked for the opinion of the witness. The same purpose was served by having the witness give his opinion upon what he had heard Mr. and Mrs. Trogdon say from the witness-stand. There was no objection that the witness was not shown to be competent to give an opinion, and plaintiff was entitled to show the reasonable value of her services under the *quantum meruit* count of her complaint.

Error is predicated upon the ruling of the trial court admitting in evidence the contract entered into between Hanson and Trogdon in July, 1907. Upon his direct examination, Hanson testified that it was understood that Mr. and Mrs. Trogdon should continue for the company under the same arrangement as they had with him individually. Upon cross-examination, he was asked, in effect, whether the written agreement of July, 1907, represented that arrangement, and when he testified that it did, the contract was properly admitted to show that it made no provision whatever for Mrs. Trogdon's work. It is immaterial that the contract never was in effect. If it correctly represented the arrangement prevailing at the time the corporation was organized, it was competent to go to the jury for what it was worth.

Complaint is made that plaintiff was permitted to testify that she told her husband of a conversation she had with Mr. [5] Hanson in which she demanded compensation for her work,

and in which he assured her that she should receive it. Independently of whether the evidence introduced was sufficient to show authority in Trogdon to employ his wife and bind the company for her wages, this particular evidence was admissible to sustain the theory upon which the case was submitted. It brought home to the directors and officers of the company, of which the plaintiff's husband was one, knowledge of the fact that the plaintiff was expecting wages for whatever work she performed for the company. It is her contention that it was with this knowledge that they permitted her to continue her work without objection upon their part. The rule of law is tersely stated as follows: "Where labor has been performed for a corporation with the knowledge of the directors and general manager, and without any dissent on their part, the corporation will be bound to pay a *quantum meruit,* in the absence of any express contract under which the labor was performed." (10 Cyc. 1034; 3 Thompson on Corporations, sec. 2152.) Having shown that she rendered services to the company with the expectation of receiving pay, and with the knowledge and acquiescence, at least, of its officers, plaintiff made out a *prima facie* case for compensation. Whether her husband was her agent was a question in issue. Our Code declares that "all work and labor performed by a married woman for a person other than her husband and children shall, unless there is a written agreement on her part to the contrary, be presumed to be performed on her separate account." (Rev. Codes, sec. 3705.)

Instruction No. 5, offered by the defendant, was properly refused. It was erroneous because it would have precluded the plaintiff from recovering upon a *quantum meruit* (*Blankenship* v. *Decker,* 34 Mont. 292, 85 Pac. 1035), and because it assumed that Trogdon was the agent of his wife. It was for the jury to say whether Hanson's version of his conversation with Mrs. Trogdon was or was not correct. It is always error for the trial court to assume a material fact which is in dispute. (*Ferris* v. *McNally,* 45 Mont. 20, 121 Pac. 889; *Allen* v. *Bear*

*Creek Coal Co.,* 43 Mont. 269, 115 Pac. 673; *Stephens* v. *Elliott,* 36 Mont. 92, 92 Pac. 45.)

The evidence in support of plaintiff's contention, as it appears from the printed record, is unsatisfactory, and, if called upon [7] to determine its weight in the first instance, we might reach a different conclusion from that represented by the verdict. But the jurors, in passing upon it, and the trial court, in reviewing it upon the motion for a new trial, enjoyed the advantage over the members of this court that they had seen the witnesses, heard them give their testimony, observed their demeanor while testifying, and were in a much better position to judge of their credibility than are we. For this reason, we do not feel justified in interfering with their conclusion.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.