LOUISVILLE AND SOUTHERN TRACTION COMPANY *v.* MONTGOMERY.

[No. 22,937.   Filed April 4, 1917.   Rehearing denied June 8, 1917.]

1. STREET RAILROADS.—*Personal Injuries.—Action.—Complaint.*— In an action against an electric railway company for personal injuries sustained in a collision between a street car and plaintiff's carriage, an allegation in the complaint that the motorman "might then and there have discovered" plaintiff's perilous situation by the exercise of ordinary care, etc., is not sufficient to charge lack of care because the word "might" was used rather than "could."   p. 387.

2. STREET RAILROADS.—*Personal Injuries.—Action.—Complaint. —Employment of Motorman.*—In an action against a street railway company for personal injuries sustained by plaintiff when her horse and buggy was struck by a street car, a complaint alleging that, as the vehicle in which plaintiff was riding was on the car track, defendant's car "in charge of a motorman" approached and stopped a short distance away, but that before the vehicle had cleared the tracks, the motorman negligently started the car at such a speed that it could not be readily controlled and that because of such negligence the collision occurred, resulting in plaintiff's injury, is sufficient as against a demurrer raising the objection that the complaint fails to show that the motorman was in the service of defendant at the time of the accident and then engaged in the line of his duty.   p. 387.

3. APPEAL.—*Continuances.—Discretion of Court.*—Applications for continuances are addressed to the sound discretion of the court to which they are made, and its decision will be reviewed on appeal only when such discretion has been clearly abused. p. 389.

4. TRIAL.—*Oral Request for Postponement.—Discretion of Court.* —An oral request for a postponement of trial pending the sheriff's return to an attachment for a witness is even more fully in the discretion of the court than an application for a con-

Louisville, etc., Traction Co. v. Montgomery—186 Ind. 384.

tinuance, as such request does not rise to the dignity of a formal motion.   p. 389.

5.   TRIAL. — *Postponement*. — *Missing Witness*. — *Discretion of Court*.—Where, in an action for personal injuries, defendant's witness, who had been subpœnaed and paid the proper mileage and fees, was absent from the courtroom when called for near the close of the day's session, and defendant was allowed until the close of the rebuttal evidence, which was about eleven o'clock the next morning, to produce the witness, who lived but a few miles away, the defendant was bound to use particular effort to insure his attendance, so that, on the failure of the witness to appear within the time allowed and the sheriff not having made a return on the attachment for him, it was not an abuse of the court's discretion to refuse an oral request for a postponement of the trial.   p. 389.

6.   APPEAL.—*Harmless Error*.—*Exclusion of Evidence*.—Error, if any, in sustaining an objection to a question asked a witness was harmless, where the witness was recalled and permitted to answer substantially the same question.   p. 389.

7.   APPEAL.—*Harmless Error*.—*Instructions*.—Where the instructions as a whole fully and fairly state the law applicable to the issues, reversible error cannot be predicated on minor technical inaccuracies in the instructions which could not have affected the result.   p. 390.

8.   TRIAL.—*Review*.—*Misconduct of Counsel*.—Where a question was propounded to defendant's witness for the purpose of laying a foundation for his impeachment, but on objection the question was immediately withdrawn and the jury instructed not to consider the statement embodied therein, the refusal of the court to set aside the submission of the cause for the alleged misconduct of plaintiff's counsel was not erroneous.   p. 390.

From Clark Circuit Court; *William Ridley*, Judge.

Action by Beatrice Montgomery, by George D. Montgomery, her next friend, against the Louisville and Southern Traction Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)   *Affirmed*.

*George H. Voight*, for appellant.

*Alexander Dowling* and *Stotsenburg & Weathers*, for appellee.

SPENCER, J.—The first question presented by this appeal arises out of the action of the trial court in overruling appellant's demurrer to the second paragraph of appellee's complaint, on which the case was tried. It appears from that pleading, in substance, that on November 15, 1905, appellant was in possession of, and engaged in operating, an electric street railway system on and over certain of the public streets in the city of New Albany, including what is known as upper Eleventh street; that on said date appellee, a minor child, "was being carried and was traveling in a vehicle commonly called a 'surrey', drawn by one horse, driven by an experienced and competent driver, going northward on said street; that, at a point on said street near the intersection of the same with Ekin Avenue, another of the public streets of said city, said horse became frightened at some object and unmanageable, and backed said vehicle onto or so near said railroad track that a moving car could not pass it without coming in contact with said 'surrey'; that at the same time, one of the electric cars of the defendant, in charge of a motorman, was going northward on said track on said Eleventh Street, and, when said car was within a short distance of said vehicle, to-wit: twenty feet, said horse continued backing said vehicle toward and onto said track; that said motorman thereupon brought his car to a full stop, but, while said horse was still backing said vehicle, and while said vehicle was yet on said track, or so near thereto that said car could not pass without striking it, as said motorman might then and there have discovered by the exercise of ordinary care, said motorman carelessly and negligently turned on the electric current and started his car at such a rate of speed that he could not readily control or stop the same; and that, by reason of the carelessness and negligence of said motorman, and his inability to stop said car, it

ran upon and against said vehicle," with resulting injury to appellee.

The allegation in the above pleading that the motorman *"might* then and there have discovered" appellee's perilous situation is attacked as being insufficient

1. to charge that he saw or *could* have seen the position in which appellee was placed in time to have avoided the accident. We may concede that the grammarian recognizes a technical distinction in the correct use of the words "might" and "could," and that the failure to observe this distinction has, on occasion, been criticized in judicial decisions. *Monroeville* v. *Weihl* (1894), 6 Ohio Cir. Dec. 188, 196. On the other hand, it must be noted that the error is one of frequent occurrence with courts and text-writers alike, and that, at most, the difference between the two words is hardly potential enough to constitute legal irregularity sufficient to require the reversal of a judgment, particularly as applied to the situation presented in this case. *Western R. Co.* v. *Young* (1874), 51 Ga. 489, 493; *Nelson* v. *Boston, etc., Min. Co.* (1906), 35 Mont. 223, 227, 88 Pac. 785.

Nor are we impressed with the contention that the complaint fails to show that the motorman in question

2. was in the service of appellant at the time of the accident and was then engaged in the line of his duty. It is true that some of the allegations contained in the pleading might readily have been framed in language more definite and certain, but the complaint as a whole is sufficient to allege that the motorman was rightfully in charge of appellant's car as its representative and that his negligence in starting said car, in the manner and under the circumstances set out, continued to the moment of collision and proximately resulted in appellee's injury. The demurrer was properly overruled. *Louisville, etc., R. Co.* v. *Wood* (1888),

113 Ind. 544, 570, 14 N. E. 572, 16 N. E. 197; *Kahle v. Crown Oil Co.* (1913), 180 Ind. 131, 138, 100 N. E. 681.

It appears from appellant's special bill of exceptions No. 4 that near the close of the third day of the trial, and at a time when the defense was about ready to rest its case, it developed that two of appellant's witnesses, although properly subpœnaed prior to the commencement of the trial and in attendance during the first two days, were then absent from the courtroom. Appellant objected to the introduction of evidence in rebuttal without granting it an opportunity to present the evidence of the witness Cashman, and the court, although directing that the hearing of evidence in rebuttal should proceed, stated to the parties that the testimony of appellant's witnesses would be heard the next morning if they were in attendance. An attachment for the witness Cashman was at once ordered by the court and delivered to the sheriff of Floyd county, where Cashman resided, with instructions to have him present in the courtroom at nine o'clock the next morning. The witness did not appear, however, and the sheriff had not returned the attachment when the hearing of the evidence in rebuttal was concluded at eleven o'clock, whereupon appellant objected to the closing of the case without the attendance of said Cashman. Proof was made that the witness had received the proper mileage and fees for attendance on the third day of the trial and that his absence on that day and the day following was not caused or connived at by appellant in any way, but the objection was overruled and the case proceeded to argument. This ruling is presented for review.

It is well settled that applications for continuances are addressed to the sound discretion of the court in

which they are made, and this court will review the decision of the lower court only when that discretion has been clearly abused. *City of Logansport* v. *Dykeman* (1888), 116 Ind. 15, 22, 17 N. E. 587; *Moulder* v. *Kempff* (1888), 115 Ind. 459, 17 N. E. 906.

In the present case appellant's oral request for a postponement of the trial pending the sheriff's return to the attachment did not reach the dignity of an application for a continuance and the matter was even more fully within the discretion of the circuit court. Sufficient time and opportunity had been granted appellant to produce its witness, who lived but a few miles away, and if his testimony was as important as is now asserted, it was incumbent on appellant, under the circumstances, to make particular effort to insure his attendance. We see nothing in the record as presented which indicates any abuse of discretion.

During the trial appellee's witness James Byrne, who is her uncle, was asked on cross-examination whether at a time and place fixed he had made a certain statement to his wife concerning the merits of the action, which he denied. Mrs. Byrne was thereafter called as a witness for appellant and asked a similar question for the purpose of impeaching her former husband's testimony. An objection to this question on the ground that it called for a privileged communication was sustained and that ruling is now challenged. It appears from the record, however, that Mrs. Byrne was subsequently recalled and, over appellee's objection, permitted to answer substantially the same question on proof that her husband's alleged statement was made in the presence of a daughter of the parties. The daughter also testified as a witness on this issue. The error, if any, in the first ruling of the court is thus rendered harmless.

The next error assigned is based on the giving of instruction No. 4 on the court's own motion. The objection to this instruction is similar in character to that first urged against the complaint and need not receive consideration in detail. The instructions as a whole fully and fairly state the law applicable to the issues and reversible error may not be predicated on minor inaccuracies therein which are of a technical nature and could not have affected the result.

Finally, it is insisted that the court erred in refusing to set aside the submission of the cause for alleged misconduct on the part of counsel for appellee. During the trial one of appellant's witnesses was asked on cross-examination whether on the day following a previous trial in this case she had made a certain statement concerning the result of that trial and had said that the verdict should have been larger. It is apparent from the record that the purpose of this question was to lay a foundation for the impeachment of the witness and counsel was required necessarily to state as near as possible the language supposed to have been used. On objection and motion by appellant to set aside the submission of the cause, counsel immediately withdrew his question and the court specially instructed the jury that they should not consider for any purpose the statement embodied in such question as to the action of a former jury. If we assume, without deciding, that the question asked was in any sense improper, it is certain that the subsequent action of counsel and of the court left appellant with no ground for complaint. *Cleveland, etc., R. Co.* v. *Simpson* (1914), 182 Ind. 693, 711, 104 N. E. 301, 108 N. E. 9, and cases cited.

The record presents no substantial error and the judgment of the trial court is therefore affirmed.

Security Trust Co., etc. v. Myhan—186 Ind. 391.

NOTE.—Reported in 115 N. E. 673. See under (3) 3 Cyc 334; 4 C. J. 809; 9 Cyc 146; 13 C. J. 123; (4) 38 Cyc 1299; (6) 4 C. J. 1016; (7) 4 C. J. 924; (8) 38 Cyc 1503.