hicle was moving rapidly it would naturally carry plaintiff's body along with it some distance; but these were all questions of fact which have been determined against defendants by two juries, whose verdicts have been approved by. two trial judges, and we are not authorized to further interfere on questions of fact in the present state of the record.

It is argued that the damages ($3,000) are excessive. Without describing plaintiff's injuries, we think it sufficient to say that they were severe and that the damages are not excessive.

Since this opinion was prepared the death of William C. Siegert has been suggested, and William C. Siegert, executor, has been substituted as appellee. The judgment is affirmed.

*Affirmed.*

---

### William R. Howard, Appellee, v. Hartman Furniture & Carpet Company, Appellant.

### Gen. No. 6,435. (Not to be reported in full.)

Appeal from the County Court of Peoria county; the Hon. CHESTER F. BARNETT, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed October 16, 1917.

### Statement of the Case.

Action by William R. Howard, plaintiff, against Hartman Furniture & Carpet Company, defendant, to recover the value of goods taken by defendant under a chattel mortgage given to secure a note for the unpaid balance of the purchase money for the goods. From a judgment for plaintiff for $79.09, defendant appeals.

Plaintiff's wife acting for him purchased the goods of defendant, giving her note and mortgage for the balance due after a small payment. Later another large purchase was made and a new note and mortgage for all balance due on both purchases with a new mortgage to secure same upon all the goods was given. Upon defaults in monthly payments, defendant took possession and sold the goods.

KIRK & SHURTLEFF, for appellant.

W. M. BARNES and JOHN B. KING, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. CHATTEL MORTGAGES—*when evidence shows indebtedness of mortgagee to mortgagor.* Plaintiff's evidence *held* sufficient to show his indebtedness to defendant in excess of defendant's alleged indebtedness to plaintiff, in an action to recover the value of certain goods bought by plaintiff of defendant on partial payments, which goods defendant took on default in payments under a mortgage and sold.

2. CHATTEL MORTGAGES, § 274*—*when forgery of mortgage does not preclude foreclosure of prior mortgage.* A claim by the mortgagor of chattels that a second mortgage on the property was a forgery and hence a sale by the mortgagee constituted a conversion, is not available where in any event the first mortgage was valid and would have authorized the sale.

3. CHATTEL MORTGAGES—*when second mortgage does not supersede first mortgage by wife as agent for husband.* A second note and chattel mortgage did not supersede a first mortgage executed by plaintiff's wife as his agent, unless such second note and mortgage were executed by her, as to the goods covered by the first note and mortgage.

4. CHATTEL MORTGAGES—*when instruction ignoring first mortgage in action by mortgagee to recover value of goods is erroneous.* An instruction ignoring a first mortgage, in an action to recover the value of goods, a part of which was covered by such mortgage and all of which by a second mortgage, and which had been taken by the mortgagee on default of plaintiff and sold, *held* erroneous.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.