HENDERSON, Appellant, *v.* CAMPBELL, Respondent.

(No. 7,040.)

(Submitted October 2, 1933. Decided October 14, 1933.)

[26 Pac. (2d) 351.]

*Mr. Fred C. Gabriel,* for Appellant, submitted a brief.

*Mr. J. H. Forster,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action to recover the reasonable value of five cows branded 5 T, and 5 unbranded calves alleged to be the property of plaintiff and taken by defendant, as sheriff of Phillips

county. Before trial the case was dismissed without prejudice as against the defendant surety company.

The complaint is in the usual form of one for conversion. The answer admits that defendant Campbell is the sheriff of Phillips county, and otherwise amounts to a general denial, coupled with an affirmative defense. The substance of the affirmative defense is that plaintiff is the wife of Stanley Henderson; that Stanley Henderson executed chattel mortgages to the Malta National Bank, as follows: One dated January 29, 1927, for $200, covering 47 head of cattle branded M–6; one dated November 21, 1927, for $700, covering 75 head of cattle branded M–6; one dated March 2, 1928, for $800, covering 75 head of cattle branded M–6, A–B, NS bar; one dated April 26, 1928, for $1,900, covering 81 head of cattle branded M–6; one dated December 24, 1928, for $1,650, covering 50 head of cattle branded M–6; one dated August 29, 1928, for $1,265 on all cattle branded 5 T, M–6, and M A; one dated December 7, 1929, for $1,875 on 59 head of cattle branded M–6.

It is alleged that upon the execution of each of these mortgages, after the first one, the preceding mortgage or mortgages were not released or satisfied, but were held and retained by the Malta National Bank as collateral security for the payment of the note and mortgage next succeeding in point of time; that the property described in each of the mortgages included and covered the property described in plaintiff's complaint; that each mortgage provided for a sale of the mortgaged property by the sheriff in case of default. It is alleged that each mortgage contained this clause: "Said property above described being all of the property of the kind described, owned by the mortgagor at the time of making this mortgage; and this mortgage includes also all property of like kind, hereafter and during the life of this mortgage, acquired by the mortgagor by either increase or purchase, or by exchange, or substitution, for property here described. This mortgage is intended by the parties thereto to include and cover, all increase of like kind and progeny and wool of animals described herein from year to year during the life

of the mortgage"; that Stanley Henderson defaulted in the payments due under the mortgages, and defendant, in taking possession of the property and selling it, did so under the authority conferred by the mortgages; that, if plaintiff has any interest in the property, it is inferior to that of the Malta National Bank and this defendant under the mortgages.

The reply admits that the mortgages referred to in the answer were filed of record and otherwise amounts to a general denial.

Trial was to the court sitting with a jury, resulting in a general verdict for defendant. The issue presented by the pleadings and evidence is this: Was plaintiff, or Stanley Henderson, the owner of the cattle involved at the time they were taken by defendant?

Briefly summarized, the evidence offered by plaintiff shows ▆ that she purchased cows branded 5 T from a neighbor, Mr. Saunders; that some were obtained in 1926 and some in 1927; that she gave her husband the money with which to buy them; that she also owned 5 unbranded calves. While she did not state definitely that the cattle she bought were those taken by defendant, the reasonable inference to be drawn from her testimony, as a whole, is that such was the case. The burden of proving that she was the owner of the cattle rested upon plaintiff.

Defendant's claim was that Stanley Henderson was the ▆ ▆ owner of the cattle, and that they were covered by the mortgages to the Malta National Bank. The jury, as noted, found against plaintiff, and hence rejected her claim of ownership in the cattle. She contends that the court erred in excluding some of her offered testimony. In her examination in chief, and again in rebuttal, plaintiff offered to show where she obtained the money with which to purchase the cattle. The exclusion of this offered evidence is assigned as error.

Defendant's contention is that the offered evidence was immaterial. With defendant's contention we do not agree. The rule prescribed by statute is that: "Evidence must correspond with the substance of the material allegations, and be relevant

184

to the question in dispute. Collateral questions must therefore be avoided. It is, however, within the discretion of the court to permit inquiry into a collateral fact, when such fact is directly connected with the question in dispute, and is essential to its proper determination, or when it affects the credibility of a witness." (Sec. 10529, Rev. Codes 1921.) And by section 10531, subdivision 15, evidence may be given upon a trial of "any other facts from which the facts in issue are presumed or are logically inferable."

The adjudicated cases hold that, where testimony on an issue is conflicting, evidence of collateral facts tending to show which statements are the more credible is admissible. (*Farmers' & Merchants' Nat. Bank* v. *Przymus*, 161 Minn. 85, 200 N. W. 931; *Bowers* v. *Pixley*, 111 Neb. 698, 197 N. W. 410; *Daley* v. *Metropolitan Life Ins. Co.*, 81 N. H. 502, 128 Atl. 531; *Bank of Union* v. *Stack*, 179 N. C. 514, 103 S. E. 6; *Andrews* v. *Watkins' Estate*, 104 Vt. 321, 160 Atl. 176; *George D. Witt Shoe Co.* v. *Mills*, 224 Ala. 500, 140 So. 578; *Klingback* v. *Mendiola*, 138 Or. 234, 6 Pac. (2d) 237; Jones on Evidence, 2d ed., secs. 603 and 605.)

Here we have a conflict in the evidence as to the ownership of the property in question. If plaintiff's money was used to buy the cattle, as she stated, then obviously she is the owner. Whether her money was used, rather than that of her husband, was the main issue in the case. As an aid to the jury in determining the credibility of plaintiff's testimony that her money was used, and not that of her husband, she should have been permitted to show where and how she obtained it. It would have been of assistance to the jury in passing upon the probability of plaintiff's claim that she bought the cattle with her own money. (*David* v. *David's Admr.*, 66 Ala. 139.) The court erred in excluding the evidence offered by plaintiff.

Nor do we see any merit in defendant's contention that ▮ plaintiff is precluded from claiming error in the above respect by failure to make an offer of proof. An offer of proof is necessary only where the answer of the witness is not

apparent. (*Trogdon* v. *Hanson Sheep Co.*, 49 Mont. 1, 139 Pac. 792, 793; *State* v. *Popa*, 56 Mont. 587, 185 Pac. 1114.) Here, while the specific answer expected of the witness is not apparent, the general nature of the evidence sought is obvious. It is fairly inferable that she would have stated that she obtained the money from some independent source and not as a result of the bounty of her husband, otherwise it is not likely that the source of the money would have been the subject of inquiry on the part of her counsel. For error in excluding the offered evidence a new trial must be had.

Plaintiff also assigns error in admitting over her objection, ■ mortgages referred to in the answer other than the one of August 29, 1929, since none of them described cattle branded 5 T. Each of the mortgages, however, covered after-acquired animals other than those specifically described, and the mortgages were admissible to show the entire transaction between the parties (*Howard* v. *Hartman Furniture & Carpet Co.*, 208 Ill. App. 562), and particularly where, as here, the prior mortgages were not released or satisfied upon the execution of the later one, but were held as collateral security for the payment of the later obligation.

No useful purpose would be subserved in discussing other assignments of error, since we cannot assume that upon another trial they will arise in the same manner.

The judgment is reversed and the cause remanded for a new trial.

Mr. Chief Justice Callaway and Associate Justices Matthews, Stewart and Anderson concur.